# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| DOUGLAS AUSTIN JENSEN, | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   **DOUGLAS AUSTIN JENSEN** _____ ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752 (a)(1)- Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority
18 U.S.C. 1752 (a)(2)- Disrupting the Orderly Conduct of Government Business
40 U.S.C. 5104(e)(2)(A)- Violent Entry and Disorderly Conduct in a Capitol Building
40 U.S.C. 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building
18 U.S.C. 231(a)(3)- Obstucing a Law Enforcement Officer During a Civil Disorder

Date:  01/08/2021

G. Michael Harvey
2021.01.08 19:35:51 -05'00'

*Issuing officer's signature*

City and state:   Washington, DC

G. MICHAEL HARVEY, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 01/08/2021 , and the person was arrested on *(date)* 01/08/2021 at *(city and state)* Des Moines, Iowa . |

Date: 01/08/2021

*Arresting officer's signature*

SA Tyler Johnson, FBI
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on January 11, 2021**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:21-6 |
| | : | |
| v. | : | MAGISTRATE NO. 21-MJ-025 |
| | : | |
| DOUGLAS AUSTIN JENSEN, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 231(a)(3) |
| Defendant. | : | (Civil Disorder) |
| | : | 18 U.S.C. § 111(a)(1) |
| | : | (Assaulting, Resisting, or Impeding |
| | : | Certain Officers or Employees) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building) |
| | : | 40 U.S.C. § 5104(e)(2)(A) |
| | : | (Violent Entry and Disorderly Conduct in |
| | : | a Capitol Building) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parading, Demonstrating, or Picketing in a |
| | : | Capitol Building) |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about January 6, 2021, in the District of Columbia, **DOUGLAS AUSTIN JENSEN**, committed, and attempted to commit, an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder, and the civil disorder adversely conduct and

performance of a federally protected function, namely, the certification of the Electoral College of the 2020 Presidential Election by a joint session of Congress.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT TWO

On or about January 6, 2021, in the District of Columbia, **DOUGLAS AUSTIN JENSEN**, did unlawfully, knowingly, and intentionally forcibly assault, resist, oppose, impede, intimidate, or interfere with United States Capitol Police Officer Eugene Goodman, a person designated in section 1114 of Title 18, United States Code, while Officer Goodman was engaged in or on account of the performance of his official duties.

(**Assaulting, Resisting, or Impeding Certain Officers or Employees**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT THREE

On or about January 6, 2021, in the District of Columbia, **DOUGLAS AUSTIN JENSEN**, did knowingly enter and remain in the United States Capitol, a restricted building, without lawful authority to do so.

(**Entering and Remaining in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(1))

## COUNT FOUR

On or about January 6, 2021, in the District of Columbia, **DOUGLAS AUSTIN JENSEN**, knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaged in disorderly and disruptive conduct in and within such proximity to,

the United States Capitol, a restricted building, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

**(Disorderly and Disruptive Conduct in a Restricted Building**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT FIVE

On or about January 6, 2021, in the District of Columbia, **DOUGLAS AUSTIN JENSEN**, willfully and knowingly entered or remained on the floor of a House of Congress or in any cloakroom or lobby adjacent to that floor, without authorization to do so.

**(Violent Entry and Disorderly Conduct in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(A))

## COUNT SIX

On or about January 6, 2021, in the District of Columbia, **DOUGLAS AUSTIN JENSEN**, willfully and knowingly paraded, demonstrated, and picketed in a Capitol Building.

**(Parading, Demonstrating, or Picketing in a Capitol Building**, in violation of Title 40, United States Code, Section 5104(e)(2)(G))

A TRUE BILL:

FOREPERSON.

*Michael R. Sherwin/MZ*

Attorney of the United States in
and for the District of Columbia.

# United States District Court for the Southern District of Iowa

Presiding: Honorable

Criminal No.             :         Clerk's Court Minutes – Initial Appearance

United States of America vs.

| | | |
|---|---|---|
| Gov. Atty(s): | : | Indictment    Superseding Indictment    Information |
| Def. Atty(s): | : | Complaint    Warrant |
| Court Reporter: | : | Code Violation/Offense: |
| Interpreter: | : | |

Date:                       :

Time Start:       Time End:       :

## Initial Appearance

Defendant Advised of Rights

Representation:     Appointed FPD      Appointed CJA      Retained Counsel

Next Court Event:     Identity           Arraignment         Removal Hearing

      Set for:

## Arraignment

| | | |
|---|---|---|
| Trial Scheduled for: | : | Advised of Charges/Maximum Penalties |
| Rule 16 Material due: | : | Indicted in True Name |
| Reciprocal Discovery due: | : | True Name: |
| Pretrial Motions due: | : | Reading of Indictment Waived |
| Plea Notification Deadline: | : | Plea of Not Guilty Accepted as to Ct(s): |
| Plea Entry Deadline: | : | Denied Forfeiture |

## Custody Status

Government Moved for Detention         Detention Hearing Set:

Court Ordered Defendant:     Released on Bond     Detained

Minutes:

_____

Deputy Clerk

# United States District Court for the Southern District of Iowa

Presiding: Honorable

Case No.                              :    Clerk's Court Minutes –

---

Plaintiff(s)                          :    Defendant(s)
                                      :
                                      :
                                      :
                                      :
                                      :
                                      :

---

Plaintiff(s) Counsel:

Defendant(s) Counsel:

Court Reporter:                       :    Interpreter:

---

Motion(s) for Ruling:                              Ruling      /     Ruling Reserved

---
                                                        :
                                                        :
                                                        :
                                                        :
---

Proceedings:

Time Start:

Time End:

Date:

_____

Deputy Clerk

# UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | Iowa |
|---|---|---|

UNITED STATES OF AMERICA

V.

DOUGLAS AUSTIN JENSEN

## EXHIBIT AND WITNESS LIST

Case Number:  4:21-mj-00011-HCA-1

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Celeste F. Bremer | Virginia M. Bruner | Mackenzi Jo Nash |
| HEARING DATE | COURT REPORTER | COURTROOM DEPUTY |
| 1/19/2021 | Theresa Kenkel | M. Lee |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 1/19/2021 | Yes | Yes | Statement of Facts |
| 2 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 3 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 4 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 5 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 6 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 7 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 8 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 9 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 10 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 11 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 12 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 13 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 14 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 15 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| 16 | | 1/19/2021 | Yes | Yes | Still Photograph from Video |
| x | | 1/19/2021 | | | Witness Testimony of FBI Special Agent Tyler Johnson |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF IOWA

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.  4:21-mj-00011-HCA-1 |
| | ) | |
| Douglas Austin Jensen | ) | |
| | ) | Charging District's Case No.   1:21-MJ-00025 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*  <u>District of Columbia</u>                      .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
         unless I am indicted — to determine whether there is probable cause to believe that an offense has
         been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
        be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set
        by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:     January 12, 2021
_____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Mackenzi J. Nash
_____
*Printed name of defendant's attorney*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** 4:21-mj-00011-HCA-1 |
| | ) | |
| vs. | ) | |
| | ) | **RULE 5 ORDER** |
| Douglas Austin Jensen | ) | |
| , | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence-that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

**IT IS SO ORDERED.**

Date: January 12, 2021

*Judge's signature*

Helen C. Adams, Chief U.S. Magistrate Judge

*Printed name and title*

# UNITED STATES DISTRICT COURT

_____SOUTHERN_____     District of     _____IOWA_____

United States of America

v.

## ORDER SETTING CONDITIONS
## OF RELEASE

### AND STAYING ORDER TO ALLOW FOR APPEAL

Douglas Austin Jensen

Defendant

Case Number:  IASD: 4-21-MJ-00011-HCA
DDC: 1-21-CR-00006-TJK

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)  The defendant shall not commit any offense in violation of federal, state or local law on release in this case.

(2)  The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear as directed  : at the U.S. Courthouse in Washington, DC.
Contact Clerk of Court 202-354-3114 for further instructions and to make arrangements for videoconference Arraignment.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ )   (4)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(   )   (5)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($_____)
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community. IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ✓ )    (6)    The defendant is placed in the custody of:

(Name of person or organization) ___April Jensen_____

(Address) _____

(City and State) _____    (Tel. No.)___ provide to USPO ____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

USPO or Defendant's counsel shall arrange for Ms. Jensen   Signed:_____

to sign at Third Party Custodian, and give her a copy.                        Custodian or Proxy                    Date

She shall sign a copy of this Order by January 25, 2021.

( ✓ )    (7)    The defendant shall:

( ✓ )    (a)    report to the _Pretrial Services Office_, telephone number _____525-284-6207_____, not later than _immediately upon release_.

( )    (b)    execute a bond or an agreement to forfeit upon failing appear as required the following sum of money or designated property:_____

( )    (c)    post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____.

( )    (d)    execute a bail bond with solvent sureties in the amount of $ _____.

( ✓ )    (e)    maintain or actively seek employment.

( )    (f)    maintain or commence an education program.

( ✓ )    (g)    surrender any passport to: _USPO_____.

( ✓ )    (h)    obtain no passport.

( ✓ )    (i)    abide by the following restrictions on personal association, place of abode, or travel: _Travel restricted to the Southern District of Iowa and District of Columbia for Court Appearances Only, unless prior approval obtained from USPO_

( ✓ )    (j)    avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _anyone identified by the U.S. Government, and anyone who participated in the protest and riot at the U.S. Capitol on January 6, 2021_.

( ✓ )    (k)    undergo medical or psychiatric treatment and/or remain in an institution as follows: _as directed by USPO._ _____

( )    (l)    return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

( )    (m)    maintain residence at a halfway house or community corrections center, as deemed necessary by the U.S. Probation Office. All costs will be paid by the U.S. Probation Office provided the defendant is making satisfactory progress towards goals set by the supervising officer. Within 60 days of the date of this Order, the Court will be provided an update on the defendant's status and progress towards community placement.

( ✓ )    (n)    refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapons.

( ✓ )    (o)    refrain from ( ✓ )any ( ) excessive use of alcohol.

( ✓ )    (p)    refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( ✓ )    (q)    submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

( ✓ )    (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( ✓ )    (s)    refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ✓ )    (t)    participate in one of the following location restriction programs and comply with its requirements as directed. (CHECK ONE):

( )(i) Curfew: You are restricted to your residence every day ( ) from _____ to _____, or ( ) as approved by the probation officer or supervising officer, or

( ✓ )(ii) Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the probation office or supervising officer; or

( )(iii) Home Incarceration: You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the Court.

**Additional Conditions of Release - Continued**

( ✓ )   (u)   submit to the following location monitoring technology and comply with all of the program requirements and instructions provided. The defendant shall pay all or part of the location monitoring cost as directed by the officer. If allowed to self-surrender and still on active location monitoring, the defendant shall report to the Probation Office, as directed, for removal of equipment. (CHECK ONE):

         ( ✓ ) Technology as directed by USPO

         (   ) Radio Frequency (RF) monitoring

         (   ) Global Positioning Satellite (GPS)

         (   ) Voice Recognition

( ✓ )   (v)   report as soon as possible, to the pretrial services office or supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ✓ )   (w)   permit a Probation Officer to visit him or her at any time at home or other approved residence.

( ✓ )   (x)   submit to substance abuse and mental health screening as directed by the pretrial services office.

( ✓ )   (y)   <u>Defendant shall take medication as prescribed by any physician, psychiatrist, or health-care provider. Defendant shall not take medication that is not prescribed to him.</u>

## IT IS FURTHER ORDERED:

Defendant shall not access or utilize internet-capable devices, including a cell phone.

All internet-capable devices, including those of family-members residing with Defendant, shall be password protected.

Any access to the Internet, directly or indirectly (through devices belonging to others, or in public spaces) is prohibited. USPO shall monitor for Defendant's Internet usage, through monitoring software, if necessary.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

USPO shall obtain Defendant's signature on a copy
of this Order, and provide a copy to him, and to the
Third-Party Custodian.
USPO shall arrange for electronic monitoring
equipment for Defendant to be attached when he is
released from custody.

_____
Signature of Defendant

_____
Address

_____
City and State                          Telephone

This Order is stayed until 4:00pm, CST, January 27, 2021, to allow the Government time to appeal. If the Government does not appeal this order by then, the USMS is ordered to release the Defendant after electronic monitoring equipment is installed by USPO.

### Directions to United States Marshal

( ✓ )    The defendant is ORDERED released after processing.

( )      The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____January 21, 2021_____

_____
Signature of Judicial Officer

_____U.S. Magistrate Judge Celeste F. Bremer_____
Name and Title of Judicial Officer

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

DOUGLAS AUSTIN JENSEN,

                    Defendant.

Case No.  4:21-mj-00011-HCA

Charging District's Case No. 1:21-MJ-00025

**ORDER RE: CONDITIONS OF RELEASE**

On January 11, 2021, Defendant was Indicted in the U.S. District Court for the District of

Columbia on six charges, one felony and five misdemeanors, alleging that he violated the

following statutes:

> 18 U.S.C § 231(a)(3)  Civil Disorder by impeding law enforcement officer in his
> official duties (the Certification of the Electoral College results);

> 18:111(a)(1)  Assaulting, Resisting, or Impeding Certain Officers or Employees,
> specifically Officer Eugene Goodman while engaged in his official duties;

> 18:1752(a)(1)  Entering and Remaining in a Restricted Building, the U.S. Capitol, without
> lawful authority;

> 18:1752(a)(2)  Disorderly and Disruptive Conduct within the U.S. Capitol, to
> impede the conduct of Government business;

> 40:5104(e)(2)(A)  Entry and Remaining in the floor of a House of Congress or
> adjacent area, without authorization; and

> 40:5104(e)(2)(G)  Parading, Demonstrating, and Picketing in a Capitol Building.

These charges arise out of the riot and mob that overtook the U.S. Capitol on January 6,

2021. Defendant was initially charged on January 8, 2021, in a Complaint (D.D.C. 1-21-MJ-025)

with all but the Assault charge. He was arrested in the Southern District of Iowa on January 11,

2021; he had his Initial Appearance on January 12, 2021; counsel was appointed to represent

him, and the Government moved for Detention. A Detention Hearing and Identity Hearing were set for January 19, 2021.

On January 12, 2021, Defendant waived an Identity Hearing pursuant to Fed. R. Cr. P. 5. The Detention Hearing was held. The Court reviewed the USPO Bail Report (ECF 12), heard testimony from the Government, and received a proffer on behalf of the Defendant. On January 8, 2021, the Defendant voluntarily contacted the Des Moines Police Department and provided a voluntary four-hour interview with FBI agents that day. The FBI agents gave him a ride home, as he had walked to the police station, anticipating his arrest. Defendant admitted that he is the person shown in various media reports (See Gov't Ex 2-16) wearing a Q-Anon sweatshirt, who, with others, pursued Officer Goodman up the stairs inside the Capitol, inviting the officer to "hit me, I'll take it," as Defendant was attempting to gain notoriety as the "poster boy" for the Q-Anon ideology. Defendant admitted that he attended a rally in support of President Trump, and was incited to march on the Capitol to show support for the arrests of Vice President Pence and members of Congress. Defendant believed these arrests would occur as part of President Trumps anticipated enforcement of the "Insurrection Act."

Once at the U.S. Capitol, the Defendant climbed a wall, and someone near him removed a bat from a backpack and broke a window of the Capitol. The Defendant then entered the Capitol with other rioters. Officer Goodman drew Defendant and others down a corridor of the Capitol away from the House and Senate Chambers. Defendant was not detained, arrested, or questioned while on Capitol grounds. He returned to Iowa. He admitted when he entered the U.S. Capitol through a broken window on January 6, 2021, he possessed a pocket knife (which he showed to the FBI agents on January 8, 2021). The Government does not allege that he had any other weapon or dangerous device while at the Capitol on January 6, 2021.

The Government asserts that Defendant should be detained both as a danger to the community pursuant to 18 U.S.C. § 3142(f)(1), and due to a risk of nonappearance or obstruction of justice pursuant to 18 U.S.C. § 3142(f)(2).  Defendant proffers a release plan, which has been confirmed by the U.S. Probation Office and is detailed in the Bail Report (ECF 12). In order for a Defendant to be detained, the Court must find, by clear and convincing evidence that there are no conditions or combination of conditions of release that reasonably assure the safety of the community, or by a preponderance of the evidence that no conditions of release will assure his appearance as required.

As required by 18 U.S.C. § 3142(g), the Court has considered whether there are any conditions or combination of conditions of release, that will reasonably assure the appearance of the Defendant and the safety of the community, including the nature and circumstance of the offense, the weight of the evidence, the Defendant's criminal history and characteristics, including community ties, employment, financial resources, past conduct, history of substance abuse, record of appearances for court proceedings, and the level of danger he presents to another person or the community.

Based upon this record, Defendant's involvement in the riot and invasion of the U.S. Capitol on January 6, 2021, is undisputed. However, the issue before the Court is whether any conditions of release would reasonably ensure the safety of the community and Defendant's appearance, as required. The Court finds that there is an appropriate combination of conditions of release, including a Third-Party Custodian, electronic monitoring, and home detention, along with supervision by the U.S. Probation Office that will reasonably assure the safety of the community and Defendant's appearance. An Order setting Conditions of Release is entered separately.

The Order Setting Conditions of Release is Stayed until January 27, 2021, to allow the Government time to appeal. If the Government does not appeal by 4:00 p.m. CST on January 27, 2021, the U.S. Marshals shall release Defendant. Before Defendant can be released from the Polk County Jail, electronic monitoring equipment shall be installed as a requirement of supervision by the U.S. Probation Office, and the Third-Party Custodian shall sign the Order Setting Conditions of Release.

IT IS SO ORDERED.

Dated this 21st day of January, 2021.

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 4:21-mj-00011-HCA-1 |
| Douglas Austin Jensen | ) | |
| | ) | Charging District:     District of Columbia |
| *Defendant* | ) | Charging District's Case No.  1:21-cr-6 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. The defendant must appear when notified to do so. Defendant shall promptly make arrangements to appear in that court by video from this District, upon his release from custody.

| Place: U.S. District Courthouse<br>333 Constitution Avenue<br>NW Washington DC | Courtroom No.: Courtroom 06    by videoconference |
|---|---|
| | Date and Time:   call 202-354-3114 to arrange |

Date:

January 21, 2021

_____

*Judge's signature*

Celeste F. Bremer, U.S. Magistrate Judge

*Printed name and title*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
123 East Walnut Street
Des Moines, Iowa 50309
Tel: (515) 284-6248

**WESTERN DIVISION**
U. S. Post Office and Federal Building
8 South 6th Street, Room 313
Council Bluffs, Iowa 51501
(712) 328-0283

**EASTERN DIVISION**
131 East 4th Street, Suite 150
Davenport, Iowa 52801
(563)884-7607

District of Columbia _____

_____

Transfer of  ☐ Criminal Case   or   ☑ Magistrate Case

SDIA Case No. 4:21-mj-00011-HCA-1 _____   Case Title: USA v. Jensen, Case No. 1:21-cr-6 _____

Dear Sir/Madam:

**Pursuant to F.R.CR.P. 5:**
☑  This is an electronically filed case and the documents are available through Pacer
☐  Certified copy of case file documents (Filed prior to November 1, 2004**) and docket sheet
☐  Not for public view (pursuant to Judicial Conference policy)
☑  Other Financial Affidavit sent via separate email _____

**Pursuant to  ☐ F.R.CR.P. 20 / ☐ F.R.CR.P. 21:**
☐  This is an electronically filed case and the documents are available through Pacer.
☐  Certified copy of case file documents (Filed prior to November 1, 2004**) and docket sheet
☐  Not for public view document (pursuant to Judicial Conference policy)
☐  Other _____

**Pursuant to 18 U.S.C. § 3605  Transfer of Jurisdiction  ☐  Supervised Release     ☐  Probation**
☐  This is an electronically filed case and the documents are available through Pacer.
☐  Certified copy of case file documents (Filed prior to November 1, 2004**) and docket sheet
☐  Not for public view document (pursuant to Judicial Conference policy)
☐  Other _____

---

**\*\*Note: Documents filed on or after November 1, 2004 are available electronically through PACER.**
Electronically filed documents can be retrieved by using your court's PACER account .

---

Sincerely,

Clerk, U.S. District Court

By /s/ M. Lee _____
     Deputy Clerk

---

### TO BE COMPLETED BY RECEIVING DISTRICT

Please acknowledge receipt via e-mail to the address listed below and provide the case number assigned in your district:

Iasd_casemanagers@iasd.uscourts.gov

Clerk, U.S. District Court

_____        By: _____
Date                                     Deputy Clerk

_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-6 (TJK)** |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION FOR EMERGENCY STAY AND**
**FOR REVIEW OF RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to, first, stay Defendant's release pending trial, and second, review the decision by the Magistrate Judge from the Southern District of Iowa to deny the government's motion for pre-trial detention. In support thereof, the government states the following:

**I.    BACKGROUND**

**A.    Procedural Posture**

On January 8, 2021, Defendant was arrested in his home state of Iowa on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge G. Michael Harvey in connection with a Criminal Complaint arising out of the riot at the United States Capitol building on January 6, 2021.

On January 11, 2021, a federal grand jury sitting in the District of Columbia returned a six-count Indictment charging Defendant with Obstructing a Law Enforcement Officer During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Assaulting, Resisting, or Impeding a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining, and

Disorderly and Disruptive Conduct inside a Capitol Building, in violation of 18 U.S.C. §§ 1752(a)(1)-(2); and Violent Entry and Disorderly Conduct, and Parading, Demonstrating and Picketing in a Capitol Building, in violation of 40 U.S.C. §§ 5104(e)(2)(A)-(G). (Docket Entry 3).

Defendant appeared for Rule 5 proceedings in the Southern District of Iowa on January 12, 2021, in case Number 4:21-mj-11-HCA. The United States made a motion to detain the defendant without bond pending trial. The defendant is subject to detention pursuant to 18 U.S.C. § 3142(f)(1)(E), which provides for detention in cases where Defendant committed a crime while in possession of a deadly weapon—Defendant was in possession of a knife when he committed the charged crimes. Chief Magistrate Judge Helen C. Adams ordered Defendant's temporary detention pending an identity and detention hearing. Id. (Docket Entry 10). Defendant waived the identity hearing, but a detention hearing was held on January 19, 2021. Id. (Docket Entries 14-16). On January 21, 2021, Magistrate Judge Adams ordered Defendant released pending trial and established release conditions. Id. (Docket Entries 17-18). Magistrate Judge Adams stayed her ruling until January 27, 2021, to allow the United States an opportunity to appeal to this Court pursuant to 18 U.S.C. § 3145(a).

### B. Statement of Facts

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public. During the joint

session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice

President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there. Among those persons was Douglas Austin Jensen, who traveled from his home in Des Moines, Iowa, to participate.

Defendant's participation in the Capitol riot was reported to the Federal Bureau of Investigation ("FBI") by numerous sources after The Guardian, a British news media outlet, published video showing Defendant chasing a police officer during the riot. That video, which was published on January 7, 2021, quickly went "viral" on multiple social media sites, and numerous individuals who knew Defendant personally called FBI to report that Defendant was the person in the video.

On January 8, 2021, Defendant walked into the Des Moines Police Department and said that he wanted to talk to someone because he thought he was in trouble. Defendant was interviewed by a Detective and an FBI Special Agent, who identified themselves as such to Defendant before the interview began. Prior to conducting the interview, Defendant was informed that the interview was being conducted voluntarily at his request, and that he was free to leave at any time. Defendant was also informed that the interview was being recorded. Defendant explained that he was a firm believer in "QAnon" or "Q," and was a proponent of President Trump's exercise of the "Insurrection Act" to declare martial law and prevent the "fraudulent" election of Joseph R. Biden from being certified by Congress. Defendant said that, in his opinion, the first person to be arrested pursuant to the "Insurrection Act" would be Vice President Mike Pence.

Defendant stated that he traveled to Washington, D.C. to attend President Trump's rally because he had seen "Q" publish that "The Storm has arrived," and both "Q" and President Trump had called "all Patriots" to Washington, D.C. for the rally. Defendant stated that he believed that it was "Showtime" – which he clarified to mean that he believed President Trump would order that Vice President Mike Pence and the rest of the "corrupt government" were going to be arrested, and he wanted to be there to see it. Defendant described himself as a "true believer."

Defendant stated that he was disappointed that President Trump did not make such an announcement at the rally, but that he had heard President Trump encourage everyone to march on the Capitol and he believed that something was going to happen there. Defendant stated that, while walking to the Capitol, he heard other "Patriots" talking about how they were going to "Storm the Capitol." Defendant admitted that he agreed to participate because it was "Showtime" and he wanted to be a part of it. Defendant stated that he wanted to participate in "Storming the Capitol" because "I was trying to fire up this nation," and "I'm all about a revolution."

During the course of the interview Defendant admitted that he was the person seen in the video published on The Guardian. Defendant admitted that he entered the Capitol by climbing a wall, and running with a crowd of others to a location with multiple windows. Defendant stated that he entered the Capitol by climbing through a window after someone else used "tools" to break it. Defendant stated that, once inside the Capitol building, he pushed his way to the front because he was wearing a shirt with a large "Q" on it with their motto "Where We Go One, We Go All," and he "wanted Q to get the credit" for what they were about to do. When asked to clarify, Defendant stated, "I wanted to stop this crap with Mike Pence."

Defendant specifically admitted chasing a Capitol Police officer, and that he had refused to obey the officer's lawful orders to stop and leave the Capitol. Defendant further admitted to

yelling "I'll take it" when the officer raised a baton to threaten Defendant to move back. Defendant further admitted to yelling "Why are you defending these m*****f*****s, why aren't you arresting them" and "I'm only here to make you do your jobs and arrest these people" during his altercations with the officer. Defendant admitted that when he said "them" and "these people" he was referring to "the corrupt government," including Vice President Mike Pence.

During the interview, Defendant provided agents his cell phone and gave written consent for them to search it. Defendant admitted that he had deleted his social media accounts from his phone after January 6, 2021, so as not to be in possession of incriminating material. Law enforcement is in the process of searching the phone, which contains more than 100GB of data. When the interview concluded, Defendant was allowed to leave the Des Moines Police Station. FBI Special Agents and undersigned counsel then secured a criminal complaint and warrant for Defendant's arrest.

### C.    Order for Release

On January 21, 2021, two days after a detention hearing the Southern District of Iowa, the magistrate judge issued an Order of Release for the defendant with certain conditions. The magistrate judge stayed the implementation of that order until January 27, 2021, to give the United States an opportunity appeal.

## III.    **ARGUMENT**

### A.  **This Court Has the Authority to Stay and Review the Release Order**

Title 18, U.S.C. § 3145(a) states:

**(a) Review of a release order** – If a person is ordered released by a magistrate, …

> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release
> . . .

The motion shall be determined promptly.

On the government's motion to review a release order, this Court considers *de novo* the Magistrate Judge's denial of pre-trial detention. In its discretion, the Court may proceed to rehear the evidence by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument. It may take additional evidence from new witnesses or consider arguments not previously raised. In short, the Court may proceed as best enables it to resolve the question posed: whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. As the legislative history of the 1984 Bail Reform Act amendments shows:

> [T]he language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving violence. . .

See S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3195-3196.[1]

---

[1] To that end, it is worthwhile recalling Congress' intent in 1984 when it enacted the current version of the Bail Reform Act:

> Many of the changes in the Bail Reform Act reflect the . . . determination that Federal bail laws must . . . give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released. . . . The constraints of the Bail Reform Act fail to grant the Courts the authority to impose conditions of release geared toward assuring community safety, or the authority to deny release to those defendants who pose an especially grave risk to the safety of the community. . . . *This broad base of support for giving judges the authority to weigh risks to community safety in pretrial release decisions is a reflection of the deep public concern, which the Committee shares, about the growing problem of crimes committed by persons on release.*

See S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S. Code Cong. & Ad. News

**B.  The Bail Reform Act Factors All Weigh in Favor of Detention**

The United States is seeking detention pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E), which provides for the possibility of detention where the defendant possessed a dangerous weapon during the course of the charged offenses. Consequently, the government requests review of the magistrate judge's decision to release the defendant and seeks a further stay of the order from this Court.

As the Court is aware, there are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. Each of these factors weighs in favor of pretrial detention in this case.

### 1.    The Nature and Circumstances of the Offenses Favor Detention

The nature and circumstances of the charged offenses weigh heavily in favor of detention. Defendant traveled from Des Moines, Iowa to the District of Columbia to attend President Trump's rally on January 6, 2021. After the rally, Defendant and thousands of others marched to the U.S. Capitol building and, eventually, forced their way inside. Defendant entered the Capitol through a broken window after another rioter threw a piece of wood through it and another rioter used a plastic shield to break the glass out of the frame.[2]

---

3182, 3486-3487. (Emphasis added.)

[2] The following photographs are "screenshots" of a video that was uploaded to YouTube on January 6, 2021. *See https://www.youtube.com/watch?v=aUjtmt_9GcY* (last visited January 19, 2021).

 

 

Once inside the Capitol, Defendant pushed his way to the front of the pack, and engaged in a confrontation with Capitol Police Officer Eugene Goodman.[3] Officer Goodman repeatedly ordered Defendant and the other rioters to back up and leave the Capitol building. Defendant refused and, indeed, kept advancing toward Officer Goodman in a menacing manner – even as Officer Goodman retreated to recover a baton that had been dropped onto the floor. The video shows that Defendant was primary aggressor, and other members of the mob followed his lead in pursuing Officer Goodman into the Capitol building.

---

[3] The following photographs are "screenshots" of a video that was uploaded to YouTube on January 7, 2021. *See https://www.youtube.com/watch?v=_cA2l0n5gPE* (last visited January 20, 2021).

  

When Officer Goodman recovered the baton, raised it, and ordered Defendant to "get back," Defendant responded "I'll take it," indicating that he would physically take the baton from Officer Goodman if Officer Goodman tried to use it on Defendant. Officer Goodman, who was facing the mob on his own, then retreated up the stairs and radioed twice for backup to direct other officers to the mob's location. Defendant, followed by the mob, chased Officer Goodman up the stairs.

  

When Officer Goodman reached the second floor, he positioned himself so that he was between Defendant and the Senate floor – which had not yet been evacuated. During this altercation, Defendant was yelling that Officer Goodman should be arresting members of the

"corrupt government" and that Defendant was there to make sure that he did so. Realizing that he could not prevent the mob from storming the Senate floor by himself, Officer Goodman baited Defendant into continuing to follow him – luring Defendant and the mob away from the Senators that Defendant wanted to "arrest." Officer Goodman's ruse worked, and Defendant continued to pursue Officer Goodman. At one point, Defendant reached into his pocket where we now know he had a knife.[4]



Immediately thereafter, several additional Capitol Police officers joined Officer Goodman and attempted to quell the mob, and Defendant removed his hands from his pockets. Officers

---

[4] Defendant admitted to law enforcement that he brought the knife with him, into the Capitol and surrendered it to law enforcement. Defendant's possession of a dangerous weapon also raises the maximum penalty for 18 U.S.C. § 1752(a)(1) and (2) to ten years imprisonment, because the Capitol riot resulted in significant bodily injury. 18 U.S.C. § 1752(b)(1).

reported that they were too far outnumbered to attempt to arrest the rioters, so instead they used their training to try and de-escalate the situation by talking with individuals in an attempt to calm them down. Notwithstanding these efforts, offers were met. Rather, they were met with shouting and aggression. On the video, rioters can be heard shouting "this is our house," "this is our America," and "we're here for the corrupt government". Defendant admitted during the voluntary interview that he aggressively shouted "why aren't you defending these m*****f*****s, you should be arresting them!"






Capitol Police Officer Keith Robichow reported that, during this altercation, one of the rioters slammed a fire extinguisher on the ground causing it to rupture. Officer Robichow described that it sounded

like an "explosion," and – given both the sound and the white powder in the air – both the rioters and the officers were momentarily shocked and everyone took a step back. Officer Robichow described that Defendant was the only one who seemed unfazed by the "explosion" and continued to advance toward the police officers.  Officer Robichow stated that Defendant was the most aggressive of the rioters – because he was constantly encouraging the other rioters to move forward, and seemed intent on starting a fight with officers. Officer Robichow stated, however, that the scariest thing about Defendant was that he kept calmly approaching officers even when everyone else was momentarily fazed by the "explosion."  This event was captured in multiple photographs, including a photograph which shows Officer Robichow standing between Defendant and the rest of the police line trying to defuse the situation.



Officer Robichow stated that he and the rest of the officers were eventually able to de-escalate the tension between the rioters and the officers, and the rioters all left the atrium where this confrontation occurred. Many of the rioters, upon retracing their steps out of the atrium, found their way onto the Senate floor – which had been evacuated while this confrontation took place.  It is not clear where else Defendant went inside the Capitol building after this confrontation was de-escalated.

### 2.  The Weight of the Evidence Favors Detention

The weight of the evidence against Defendant weighs strongly in favor of detention. Defendant's involvement in the events of January 6, 20201, was memorialized in press photographs and surveillance video from the Capitol building itself. Defendant also published

photographs of himself inside the capitol – and self-identified – on his Twitter account.



Moreover, given the sheer number of photographs and videos taken at the Capitol on January 6, 2021 – as well as internal surveillance footage – the United States anticipates that its evidence against Defendant will increase as agents are able to acquire and review that additional footage.

### 3. Defendant's History and Characteristics Favor Detention

Defendant's History and Characteristics also weigh in favor of detention. Defendant is a self-described adherent of "QAnon"—a conspiracy that thrives on spreading misinformation and encouraging violence. Defendant's eagerness to travel more than 1,000 miles in hopes that he would hear President Trump declare martial law, and his willingness to take martial law into his own hands when no such pronouncement came, says more about Defendant's characteristics than any criminal history ever could.

Nevertheless, Defendant has a number of convictions which demonstrate violence and/or dangerous behavior.

| Date | Jurisdiction | Charge(s) of Conviction | Sentence |
|------|--------------|------------------------|----------|
| 3/7/15 | Olmstead County, Minnesota | Domestic Assault Disorderly Conduct | 3 days imprisonment 1 year probation |
| 2/17/07 | Polk County, Iowa | DUI | Deferred Judgement 1 year probation |
| 12/26/06 | Polk County, Iowa | Fifth Degree Theft | Deferred Judgment |

| | | | Community Service |
|---|---|---|---|
| 1/31/05 | Warren County, Iowa | Conspiracy to Deliver a Controlled Substance | Deferred Judgment 2 years' Probation |

Defendant's Pretrial Services Report in the Southern District of Iowa reports that he was fired from his job based on his actions on January 6, 2021. PS3 Form, Case No. 4:21-mj-11-HCA (Docket Entry 12, at 2) (1/15/21). Defendant admits to taking Hydrocodone and muscle relaxers for a back injury, and also reports being a daily marijuana user. Id. at 3. Defendant reports to drinking "monthly," and that when he drinks he drinks to intoxication. Defendant also reported having experimented with both cocaine and methamphetamine in the past.

> **D.** **The Danger to the Community Created by Defendant's Release Favors of Detention**

Defendant poses a substantial risk of danger to the community if he is released. A self-described "true believer" who is "all about a revolution" voluntarily chose to join a riot seeking to "arrest" lawmakers who were going to certify an election that he believed to have been stolen. In order to make good on his intent to "stop this crap with Mike Pence," Defendant led a large mob that chased a Capitol Police officer up two flights of stairs – menacing the officer all the way, and at one point reaching into a pocket where he held a pocket knife. Defendant made it perfectly clear that the Capitol Police officers should be *arresting* Vice President Pence, Senators, and Congresspersons, not *protecting* them. Defendant believed that such arrests were mandatory, and he and the mob were present to make sure they happened.

Releasing Defendant from custody will only reinforce his belief that his cause is just. If nothing else, the events of January 6, 2021, have exposed the size and determination of right-wing fringe groups in the United States, and their willingness to place themselves and others in danger to further their political ideology. Anyone who would act as Defendant acted, for the reasons he identified in support of his actions, is a *per se* danger to the community. There is no reason believe

15

that Defendant is any less interested in "revolution" simply because the results of the election that he believes is fraudulent was certified and President Biden has been inaugurated. Allowing Defendant to be released pending trial, even under substantial release conditions, creates a substantial risk of danger to the community.

## <u>CONCLUSION</u>

This Court has the authority to stay the Magistrate Judge from the Southern District of Iowa's Order to release Defendant pending trial in this case. Moreover, this Court has the authority to overrule that decision and order that Defendant be detained and transferred to the District of Columbia pending trial. This case warrants such an exercise of the Court's authority. All four of the Bail Reform Act factors weigh heavily in favor of detention in this case, and there is no condition, or combination of conditions, that will ensure the safety of the community if Defendant is released.

<div style="margin-left: 40%;">

Respectfully submitted,
MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar No. 4444188


By:      */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

</div>

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-6 (TJK)** |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR TRANSPORT ORDER

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully requests that this Court enter an Order directing the United States Marshals Service to transport defendant Douglas Austin Jensen from the Southern District of Iowa to the District of Columbia for further proceedings on the Indictment filed against him. In support of its motion, the United States states as follows:

1. On January 8, 2021, Defendant was arrested in his home state of Iowa on an arrest warrant issued from the United States District Court for the District of Columbia by Magistrate Judge G. Michael Harvey in connection with a Criminal Complaint arising out of the riot at the United States Capitol building on January 6, 2021.

2. On January 11, 2021, a federal grand jury sitting in the District of Columbia returned a six-count Indictment charging Defendant with Obstructing a Law Enforcement Officer During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Assaulting, Resisting, or Impeding a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining, and Disorderly and Disruptive Conduct inside a Capitol Building, in violation of 18 U.S.C. §§ 1752(a)(1)-(2); and Violent Entry and Disorderly Conduct, and Parading, Demonstrating and Picketing in a Capitol

1

Building, in violation of 40 U.S.C. §§ 5104(e)(2)(A)-(G). (Docket Entry 3).

3.  Defendant appeared for Rule 5 proceedings in the Southern District of Iowa on January 12, 2021, in case Number 4:21-mj-11-HCA. The United States made a motion to detain the defendant without bond pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E). Chief Magistrate Judge Helen C. Adams ordered Defendant's temporary detention pending an identity and detention hearing. Id. (Docket Entry 10). Defendant waived the identity hearing, but a detention hearing was held on January 19, 2021. Id. (Docket Entries 14-16) On January 21, 2021, Magistrate Judge Adams ordered Defendant released pending trial and established release conditions. Id. (Docket Entries 17-18). Magistrate Judge Adams stayed her ruling until January 27, 2021, to allow the United States an opportunity to appeal to this Court pursuant to 18 U.S.C. § 3145(a).

4.  The United States filed in this Court an Emergency Motion to Review the Court's Release Order on January 22, 2021.

5.  In order to have counsel appointed to represent Defendant in the District of Columbia, to resolve the pending motion to review the release determination made by the Magistrate Judge in the Southern District of Iowa, and to conduct further proceedings in this matter, Defendant, who remains temporarily detained, needs to be transported to the District of Columbia by the United States Marshals Service.

Accordingly, the United States moves this Court to issue an Order directing the United States Marshals Service to transport defendant Douglas Austin Jensen forthwith to the District of Columbia for further proceedings.

Respectfully submitted,
MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar No. 4444188


By:      */s/ James B. Nelson*
JAMES B. NELSON
D.C. Bar No. 1613700
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6986
james.nelson@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-6 (TJK)** |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Upon consideration of the Government's Motion for Emergency Stay and for Review of Detention Order as to defendant Douglas Austin Jensen.

It is this ___22nd___ day of January 2021,

**ORDERED**, that the Motion for an Emergency Stay is hereby **GRANTED** and the release order entered by the Southern District of Iowa Magistrate Judge on January 21, 2021 as to defendant Douglas Austin Jensen is **STAYED** pending review of the detention decision by this Court.

_____
HON. TIMOTHY J. KELLY
UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CASE NO. 21-CR-6 (TJK)** |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| **Defendant.** | : | |

## TRANSPORT ORDER

Having considered the United States' Motion to have the defendant Douglas Austin Jensen transported from the Southern District of Iowa Jersey to the District of Columbia for further proceedings on the Indictment filed against him, it is hereby **ORDERED**

That the United States Marshals Service transport the defendant forthwith from the Southern District of Iowa to the District of Columbia for further proceedings in this matter.

DATE: January 22, 2021

_____
HON. TIMOTHY J. KELLY
UNITED STATES DISTRICT JUDGE

# U.S. District Court
## Southern District of Iowa (Central)
## CRIMINAL DOCKET FOR CASE #: 4:21-mj-00011-HCA-1

Case title: USA v. Jensen                          Date Filed: 01/11/2021
Other court case number: 1:21-cr-6 District of Columbia

Assigned to: Chief Magistrate Judge Helen
C. Adams

### Defendant (1)

**Douglas Austin Jensen**                 represented by   **Andrew James Graeve**
FEDERAL PUBLIC DEFENDERS
OFFICE
400 LOCUST STREET
SUITE 340
DES MOINES, IA 50309-2353
515-309-9610
Fax: 515-309-9625
Email: andrew_graeve@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Mackenzi Jo Nash**
FEDERAL PUBLIC DEFENDERS
OFFICE
400 LOCUST STREET
SUITE 340
DES MOINES, IA 50309-2353
515-309-9610
Email: mackenzi_nash@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

### Pending Counts                                      ### Disposition

None

### Highest Offense Level (Opening)

None

### Terminated Counts                                   ### Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints

18:231(a)(3) Civil Disorder; 18:111(a)(1) Assaulting, Resisting, or Impeding Certain Officers or Employees, 18:1752(a)(1) Entering and Remaining in a Restricted Building; 18:1752(a)(2) Disorderly and Disruptive Conduct in a Restricted Building; 40:5104(e)(2)(A) Violent Entry and Disorderly Conduct in a Capitol Building; 40:5104(e)(2)(G) Parading, Demonstrating, or Picketing in a Capitol Building

## Disposition

## Plaintiff

USA

represented by **Richard D. Westphal**
UNITED STATES ATTORNEY'S OFFICE - DSM
110 E COURT AVE
SUITE 286
DES MOINES, IA 50309
515-473-9700
Fax: 515-473-9292
Email: Rich.Westphal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government - Federal*

**Virginia M. Bruner**
UNITED STATES ATTORNEY'S OFFICE - DSM
110 E COURT AVE
SUITE 286
DES MOINES, IA 50309
515-473-9300
Fax: 515-473-9292
Email: virginia.bruner@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government - Federal*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/11/2021 | | Arrest (Rule 5.c.3) of Douglas Austin Jensen from charges pending in District of District of Columbia. (mel) (Entered: 01/11/2021) |
| 01/11/2021 | 1 | Rule 5(c)(3) Documents Received as to Douglas Austin Jensen from the District of Columbia. (Attachments: # 1 Statement of Facts) (mel) (Entered: 01/11/2021) |

| 01/11/2021 | 2 | Sealed Arrest Warrant from the District of Columbia as to Douglas Austin Jensen. (mel) (Entered: 01/11/2021) |
|---|---|---|
| 01/11/2021 | 3 | TEXT ORDER as to Douglas Austin Jensen setting an Initial Appearance - Rule 5(c)(3) for 1/12/2021 at 02:00 PM in Des Moines - Room 455 - 4th Floor South - Video Proceeding before Chief Magistrate Judge Helen C. Adams. Defendant will appear via video conference from the Polk County Jail. Signed by Chief Magistrate Judge Helen C. Adams on 1/11/2021. (mel) (Entered: 01/11/2021) |
| 01/12/2021 | 4 | Rule 5(c)(3) Documents Received (Indictment) as to Douglas Austin Jensen from the District of Columbia. (mel) (Entered: 01/12/2021) |
| 01/12/2021 | 5 | NOTICE OF ATTORNEY APPEARANCE Virginia M. Bruner appearing for USA. (Bruner, Virginia) (Entered: 01/12/2021) |
| 01/12/2021 | 6 | Minute Entry for proceedings held before Chief Magistrate Judge Helen C. Adams: Initial Appearance in Rule 5(c)(3) Proceedings as to Douglas Austin Jensen held on 1/12/2021. Detention and Identity Hearing set for 1/19/2021 at 03:00 PM in Des Moines - Room 455 - 4th Floor South - Video Proceeding before Magistrate Judge Celeste F. Bremer. Defendant will appear via video from the Polk County Jail. (Court Reporter FTR Gold.) (kmp) (Entered: 01/12/2021) |
| 01/12/2021 | 7 | ORDER FOR APPOINTMENT OF COUNSEL as to Douglas Austin Jensen. Signed by Chief Magistrate Judge Helen C. Adams on 1/12/2021. (kmp) (Entered: 01/12/2021) |
| 01/12/2021 | 8 | Rule 5 ORDER as to Douglas Austin Jensen. Signed by Chief Magistrate Judge Helen C. Adams on 1/12/2021. (kmp) (Entered: 01/12/2021) |
| 01/12/2021 | 9 | ORAL MOTION for Detention by USA as to Douglas Austin Jensen. (kmp) (Entered: 01/12/2021) |
| 01/12/2021 | 10 | ORDER OF TEMPORARY DETENTION AND SCHEDULING AN IDENTITY/DETENTION HEARING as to Douglas Austin Jensen. Detention and Identity Hearing set for 1/19/2021 at 03:00 PM in Des Moines - Room 455 - 4th Floor South - Video Proceeding before Magistrate Judge Celeste F. Bremer. Defendant will appear via video from the Polk County Jail. Signed by Chief Magistrate Judge Helen C. Adams on 1/12/2021. (kmp) (Entered: 01/12/2021) |
| 01/14/2021 | 11 | NOTICE OF ATTORNEY APPEARANCE: FPD Mackenzi Jo Nash appearing for Douglas Austin Jensen (Nash, Mackenzi) (Entered: 01/14/2021) |
| 01/15/2021 | 12 | Bail/Bond Report (Sealed) as to Douglas Austin Jensen. (Davidson, Priscilla) (Entered: 01/15/2021) |
| 01/19/2021 | 13 | CJA 23 Financial Affidavit as to Douglas Austin Jensen. (mel) (Entered: 01/19/2021) |
| 01/19/2021 | 14 | WAIVER of Rule 5(c)(3) Hearing as to Douglas Austin Jensen. Defendant requesting Detention and Identity Hearing in the Southern District of Iowa. (mel) (Entered: 01/19/2021) |
| 01/19/2021 | 15 | Minute Entry for proceedings held before Magistrate Judge Celeste F. Bremer: Detention Hearing as to Douglas Austin Jensen held on 1/19/2021. (Court Reporter Theresa Kenkel.) (Attachments: # 1 Witness & Exhibit List) (mel) (Entered: 01/19/2021) |
| 01/20/2021 | 16 | ELECTRONIC EXHIBITS *1-16 (Detention Hearing)* as to Douglas Austin Jensen re 9 MOTION for Detention, 15 Detention Hearing (Bruner, Virginia) (Entered: 01/20/2021) |
| 01/21/2021 | 17 | ORDER SETTING CONDITIONS OF RELEASE as to Douglas Austin Jensen. This Order is stayed until 4:00 p.m. CST, January 27, 2021, to allow the Government time to |

| | | appeal. Signed by Magistrate Judge Celeste F. Bremer on 1/21/2021. (mlr) (Main Document 17 replaced on 1/22/2021 to redact personal information) (tae) (Entered: 01/21/2021) |
|---|---|---|
| 01/21/2021 | 18 | ORDER as to Douglas Austin Jensen re 17 Order. Order Regarding Conditions of Release. Signed by Magistrate Judge Celeste F. Bremer on 1/21/2021. (mlr) (Entered: 01/21/2021) |
| 01/21/2021 | 19 | Sealed Conditions of release and denying 9 Motion for Detention as to Douglas Austin Jensen. Signed by Magistrate Judge Celeste F. Bremer on 1/21/2021. (tae) (Entered: 01/21/2021) |
| 01/21/2021 | 20 | ORDER Requiring Defendant to Appear in Charging District as to Douglas Austin Jensen. Signed by Magistrate Judge Celeste F. Bremer on 1/21/2021. (tae) (Entered: 01/22/2021) |
| 01/25/2021 | 21 | Rule 5(c)(3) Documents Received as to Douglas Austin Jensen from the District of Columbia. (Attachments: # 1 Motion to Transport, # 2 Order Staying Release, # 3 Transport Order) (mel) (Entered: 01/25/2021) |
| 01/25/2021 | 22 | TRANSFER LETTER from Southern District of Iowa to the District of Columbia as to Douglas Austin Jensen. Attached Letter sent via email to the District of Columbia. (mel) (Entered: 01/25/2021) |
| 02/11/2021 | 23 | TRANSCRIPT of Proceedings as to Douglas Austin Jensen re 15 Detention Hearing held on 1/19/21 before Judge Bremer. Tape/Page No(s): 1-50. Court Reporter/Transcriber Theresa Kenkel, Telephone number 515-243-6596. Transcript may be viewed at court public terminal or purchased through Court Reporter/Transcriber before deadline for Release of Transcript Restriction. After that date it may be obtained through court reporter, Clerk's Office, or PACER. Redaction Request due 3/8/2021. Redacted Transcript Deadline set for 3/18/2021. Release of Transcript Restriction set for 5/17/2021. (Kenkel, Theresa) (Entered: 02/11/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/18/2021 10:46:04 | | |
| **PACER Login:** | BrittanyBryant:6635828:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:21-mj-00011-HCA Start date: 1/1/1980 End date: 2/18/2021 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**