```
                  IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA            CR No. 1:21-cr-00006-TJK-1

                                    Washington, D.C.
v.                                  Thursday, March 25, 2021
                                    10:00 a.m.

DOUGLAS AUSTIN JENSEN,

         Defendant.
- - - - - - - - - - - - - - - - - x
_____
              TRANSCRIPT OF STATUS CONFERENCE
         HELD BEFORE THE HONORABLE TIMOTHY J. KELLY
                UNITED STATES DISTRICT JUDGE
_____

APPEARANCES VIA VIDEOCONFERENCE:


For the United States:   James B. Nelson, Esq.
                         U.S. ATTORNEY'S OFFICE FOR
                         THE DISTRICT OF COLUMBIA
                         555 4th Street, NW
                         Room 4112
                         Washington, DC 20001
                         (202) 252-6986


For the Defendant:       Christopher M. Davis, Esq.
                         DAVIS & DAVIS
                         1350 Connecticut Avenue, NW
                         Suite 202
                         Washington, DC 20036
                         (202) 234-7300


Court Reporter:          Timothy R. Miller, RPR, CRR, NJ-CCR
                         Official Court Reporter
                         U.S. Courthouse, Room 6722
                         333 Constitution Avenue, NW
                         Washington, DC 20001
                         (202) 354-3111


Proceedings recorded by machine shorthand; transcript
produced by computer-aided transcription.
```

**P R O C E E D I N G S**

    THE DEPUTY CLERK:  We are on the record in criminal matter 21-6, United States of America v. Douglas Austin Jensen.

    Present for the Government is James Nelson; present for the defendant is Christopher Davis; also present is the defendant, Mr. Jensen.

    THE COURT:  All right.  Well, good morning, everyone.

    I apologize, first of all, for keeping you all waiting.  I had some technical problems I had to work through.

    All right.  So we are here for a status in Mr. Jensen's case.  I know, through my -- I know, through representations the Government has made to me in other cases that have -- there has been now some progress in working on a protective order that might help facilitate discovery.

    But, Mr. Nelson, why don't you let me know where things stand with regard to this case.

    MR. NELSON:  Yes, Your Honor.  Thank you.

    We have been -- I have been in communications with defense counsel on a number of issues.  One, discovery, as the Court mentioned; and the other with regard to a potential resolution.  I think we are gaining ground in both respects.

1               With regard to discovery, there is a substantial
2     amount of video evidence.  We do now have the protective
3     order the Court referenced.  I will be getting that to
4     defense counsel today.  We also have the defendant's cell
5     phone which was -- he gave consent to search.  The data on
6     the cell phone itself is quite extensive.  I think it's 100
7     gigabytes.  And so I've been working with defense counsel.
8     I believe that they're going to provide a hard drive on
9     which I can provide all evidence to them at once, once we
10    have the protective order in place, and I believe -- I'll
11    certainly let defense counsel speak for himself, but I
12    believe we've settled on a date that's convenient for the
13    Court and the jail or at least the Court's calendar, if the
14    Court is amenable, to come back before Your Honor and
15    hopefully either have a status or a resolution.
16              THE COURT:  All right.  Mr. Davis, I'll hear from
17    you.  Mr. Davis, let me also just apologize.  I know you had
18    submitted a CJA voucher that might have sat a little too
19    long.  So hopefully, that's been resolved and you have
20    everything you need.
21              MR. DAVIS:  That is correct, Your Honor.  That is
22    correct.
23              And I, essentially, echo the comments of the
24    Assistant United States Attorney.  Discovery is ongoing and
25    we've had no problems with receiving discovery.  We're --

1   there are just a few other matters that we need to work out.
2   There are a few matters from the defense side that we need
3   to work out before we ultimately resolve this case.  And I
4   can represent to the Court that this is moving along with an
5   eye towards disposition.  We're just ironing out wrinkles.
6           I've talked to Mr. Jensen about his speedy trial
7   rights and how he has a right to a trial within 70 days of
8   indictment and how COVID has impacted that, but nonetheless,
9   in light of everything that's going on, it's in -- I believe
10  it's in his best interests to waive speedy trial until May
11  6th at 11:00 a.m. when we come back before the Court.  It
12  will give us time to try to work things out, and it will
13  give us time to take care of the few matters that we need to
14  handle before we come back before the Court.
15          THE COURT:  All right.  Very well.  What was that
16  -- you said May 6th at what time?
17          MR. DAVIS:  At 11:00 a.m., and I --
18          THE COURT:  All right.
19          MR. DAVIS:  -- believe -- we spoke to your
20  courtroom deputy in advance of the hearing and I believe
21  you're -- to that --
22          THE COURT:  She has accurately represented that
23  that time is free on that date.  Fantastic.
24          So let's -- we'll go ahead, then, and -- I will go
25  ahead and waive the Speedy Trial Act between today's date

1    and May 6th because the ends of justice that are served by
2    taking such action outweigh the best interests of the public
3    and the defendant in a speedy trial.  I can do so here
4    because both sides are consenting to it and requesting it
5    because, given the voluminous discovery in this matter, the
6    -- it's appropriate, and also, because, as both sides have
7    represented, they are working toward a disposition in this
8    matter.
9              So very well.  We'll see everyone, then, back here
10   via video.  And I do think it makes sense to do it by video,
11   unless -- obviously, if it is going to be a disposition, we
12   would need the defendant's consent to go forward with that
13   via video.  I'm sure, Mr. Davis, you know that.  My
14   preference would be to do it -- to the extent my preference
15   matters, it would be to do it this way just because I think
16   it ensures everyone's safety.  On the other hand, again, if
17   your client, Mr. Davis, wants to do it in person, we can
18   talk about whether that -- how we can make that happen.
19             Do you -- have you had that, kind of, level
20   discussion with your client yet, Mr. Davis?
21             MR. DAVIS:  I hadn't had that conversation with my
22   client yet, but I will, and I agree with the Court.
23   Logistically -- in addition to safety reasons, just
24   logistically it seems to be much smoother to do it virtually
25   at this point in time as opposed to running people back and

1    forth, but I will -- and I'll make certain that's covered
2    before we come back.
3               THE COURT:  All right.  Again, you know, I think I
4    -- that's my preference just because I don't want to
5    unnecessarily -- for logistical purposes and to -- for
6    everyone's safety, but absolutely.  Your client has the
7    right if he would like me to do it in person, then, and
8    we'll cross that bridge if we need to cross it.  So -- but
9    in any event -- so we'll plan presumptively for that hearing
10   to be just the way we are here today telephonically for that
11   status.
12              And can I have the parties -- let's put it this
13   way.  Can the parties at least let me know, let's say --
14   well, what is a good date for me to pick -- I mean, I'll
15   just ask this to both parties.  If you think, you know, that
16   it's that possible, is there a date certain, let's say --
17   can the parties -- well, I could just enter -- here's what
18   I'll do.  I have a standard order I enter about materials
19   that I want provided in case this -- it would be a
20   disposition on that date.  I'll just enter an order -- a --
21   for a -- conditionally that says if, indeed, this is going
22   to be a disposition, if the parties will submit this series
23   of information a week beforehand to chambers.  I think,
24   maybe, that's just the easiest way to do it.  I don't need
25   any more notice than that.  And if the parties submit those

```
```

1  papers a week beforehand, fantastic.  If not, we'll huddle
2  up on the 6th and see where we go from there.
3            How does that sound, Mr. Davis?
4            MR. DAVIS:  That sounds fine, Your Honor.
5            THE COURT:  All right.  And, Mr. Nelson?
6            MR. NELSON:  That's fine, Your Honor.  Thank you.
7            THE COURT:  All right.  Very well.  That's what
8  we'll do.
9            Then we'll see everyone presumptively via video on
10 May 6th.
11           Is there anything further, Mr. Nelson, you think I
12 need to address today?
13           MR. NELSON:  No, Your Honor.  Thank you.
14           THE COURT:  Mr. Davis?
15           MR. DAVIS:  Nothing, Your Honor.  Thank you.
16           THE COURT:  All right.  Very well.  We'll see
17 everyone then.  The parties and Mr. Jensen are dismissed.
18           MR. DAVIS:  Thank you, Your Honor.
19           MR. NELSON:  Thank you.
20           (Proceedings concluded at 10:19 a.m.)
21                    * * * * * * * * * * * *
22           **CERTIFICATE OF OFFICIAL COURT REPORTER**
23 **I, TIMOTHY R. MILLER, RPR, CRR, NJ-CCR, do hereby certify**
24 **that the above and foregoing constitutes a true and accurate**
25 **transcript of my stenographic notes and is a full, true and**

complete transcript of the proceedings to the best of my ability, dated this 25th day of March 2021.

                                 /s/Timothy R. Miller, RPR, CRR, NJ-CCR
                                 Official Court Reporter
                                 United States Courthouse
                                 Room 6722
                                 333 Constitution Avenue, NW
                                 Washington, DC 20001