## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO. 21cr0006 (TJK)** |
| | **:** | |
| **DOUGLAS AUSTIN JENSEN,** | **:** | |
| **Defendant.** | **:** | |

### RESPONSE TO GOVERNMENT'S MOTION TO REVOKE BOND

Douglas Jensen, by and through his attorney, Christopher M. Davis, respectfully submits the following response to the government's motion.

1. Mr. Jensen concedes that he was in violation of his pre-trial release conditions by accessing program(s) being streamed from the internet. Though his wife may have been less than clear on the distinction between "direct versus indirect" access to the internet, Mr. Jensen knew that this was not allowed and is prepared to accept the consequences of his actions.

2. By way of clarification, the iPhone that was in Jensen's garage steaming to a blue tooth radio was in fact an iPhone his daughter had been using. The daughter recently obtained a replacement iPhone and the one in the garage had been reset to its factory default setting (password 0000). It was going to be returned to a co-worker of the mother. Actually, the phone was to have been returned to the co-worker on the evening of the day it was seized.

3.  Jensen had been working in the yard that week, cutting down a large tree. It was exceptionally hot, and he would go into the garage to cool down.  While in there, he would listen to the radio.

4.  Although there is no excuse for violating this internet prohibition condition of release, it should be noted that Mr. Jensen is compliant with every other condition of release.  He has remained in his "electronic" place of confinement, abstained from drug use, and attended all appointments as directed by Pre-Trial Services.  He has a mental health evaluation scheduled this Friday, August 27, 2021.  No doubt, his urge to access the internet will be a topic of discussion.[1]

5.  Mr. Jensen takes issue with the government's representation that his actions endanger the community.  Mr. Jensen did not post over social media, nor did he act on or encourage anyone to accept conspiracy theories.  And perhaps most important, he remains compliant with all other conditions of release.  His violation, though a serious misplacement of this Court's trust, was not an action that in any way endangers the community.

---

[1] The condition of no internet access is really to ensure Mr. Jensen does not become overly influenced by conspiracy theories circulating on the internet.  It is not internet access that the government is worried about, it is misinformation that could influence Jensen to engage in conduct similar to what occurred on January 6.  However, he remains on GPS monitoring and any violation of that condition is immediately known by Pre-Trial Services.

6..  Mr. Jensen asks this Court to give him another chance.  He will comply with his release condition to be evaluated and will further comply with any recommended mental health treatment plan.  He asks this Court to consider imposing a sanction short of revocation and incarceration pending trial.   If a drug abuser relapses, there is typically a sanction protocol in place to help the person deal with his/her substance abuse issues.[2]   Mr. Jensen requests that this Honorable Court treat his violation is a similar manner.

WHEREFORE, Mr. Jensen asks this Court to accept his apology and allow him to remain in home incarceration, with a sanction, if this Court deems such is appropriate.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Counsel for Douglas Jensen

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of

[2] Typically, a positive drug test results in a sanction, but not revocation.  A first violation usually results in a warning and a referral for treatment, while a second violation results in incarceration for some period of time.  Rarely does a first relapse result in revocation and incarceration pending trial.

record via the Court's CM/ECF System on this 22nd day of August 2021.

                                        _____/s/_____
                                        Christopher M. Davis