# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 21-CR-6 (TJK) |
| DOUGLAS AUSTIN JENSEN, | : | |
| Defendant. | : | |

## UNOPPOSED MOTION TO CONTINUE SEPTEMBER 24, 2021 STATUS CONFERENCE FOR 30 DAYS

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby moves this Court to grant its Motion to Continue September 24, 2021 Status Conference for 30 days. The Government further moves move the Court to exclude the period of the continuance from the computation of time under the Speedy Trial Act. In support of this motion, the Government states as follows:

1. On September 2, 2021, the Court held a hearing in this case regarding the Government's Motion to Revoke Defendant's Pretrial Release. At the hearing, the Court granted the Government's motion and ordered the defendant remanded.

2. Since that hearing, the defendant has been in transit from Iowa to the District of Columbia. As a result, defense counsel has not been able to communicate with the defendant.

3. While the defendant was originally supposed to arrive in the District of Columbia the week of September 20, 2021, undersigned counsel learned on September 21, 2021 that the defendant did not arrive as planned, and that the defendant is still being transported by the United States Marshals Service to the District of Columbia.

4.      The Government has continued to produce discovery to the defendant, including hours of surveillance footage, as well as approximately 50 body worn camera (BWC) videos that depict the defendant's altercation with law enforcement officers in the Rotunda on January 6, 2021, from several different vantage points.

5.      Defense counsel has not been able to review this newly provided discovery with his client, nor has defense counsel been able to review the terms of the current plea offer with the defendant.

6.      Defense counsel does not oppose the filing of this motion or the exclusion of time under the Speedy Trial Act. However, because defense counsel has not been able to communicate with his client, he is unable to provide the defendant's position on the proposed continuance and the exclusion of time under the Speedy Trial Act.

7.      Given the government's recent production of voluminous discovery, which includes over 25 hours of surveillance and BWC video, defense counsel's need to review the discovery and current plea offer with the defendant, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the Court grant this Motion to Continue September 24, 2021 Status Conference for 30 days, and further request that the Court exclude the period from September 24, 2021 until the next status conference in this case from the computation of time under the Speedy Trial Act.

        CHANNING PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

        By:/s/ *Hava Arin Levenson Mirell*
        HAVA ARIN LEVENSON MIRELL
        Assistant United States Attorney – Detailee
        CA Bar No.: 311098
        United States Attorney's Office
        312 N. Spring St., Suite 1100
        Los Angeles, CA 90012
        Phone: (213) 894-0717
        Email: Hava.Mirell@usdoj.gov