UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-6 (TJK) |
| : | |
| DOUGLAS AUSTIN JENSEN, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE REVOCATION OF DOUGLAS JENSEN'S BOND

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Douglas Jensen's Motion for Reconsideration of the Revocation of Bond. ECF No. 54.

Not more than one month after his release from the D.C. Jail, Jensen violated his conditions of release on by using an Internet-capable cell phone to stream news from Rumble. ECF No. 34, at 1. Jensen also violated his conditions of release by using a cell phone the week prior to participate virtually in Mike Lindell's Cyber Symposium related to the recount of the 2020 Presidential election. *Id.* On September 2, 2021, the Court found that Jensen is unlikely to abide by any condition or combination of conditions of release, 18 U.S.C. § 3148(b)(2)(B), and revoked his bond. ECF No. 37.

The instant motion does not allege any new facts that merit reconsideration of the Court's finding. The swiftness of the defendant's violations underscores just how unlikely he is to abide by any conditions of release. The Court's unequivocal finding that the defendant is unlikely to abide by his conditions of release remains a sufficient basis to keep Jensen remanded. *See United States v. Manafort*, 897 F.3d 340, 345 (D.C. Cir. 2018) ("Each finding [under § 3148(b)(2)]

provides an independent basis for detention, so upholding either finding is sufficient to uphold the District Court's detention order.") Accordingly, this Court should deny the defendant's motion for reconsideration.

## ARGUMENT

I.     **Applicable Authority.**

Though not expressly authorized by the Federal Rules of Criminal Procedure, a defendant may seek reconsideration of a detention order "as justice requires". *United States v. Worrell*, No. 21-CR-292, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) ("For interlocutory pretrial-detention orders, courts in this district apply the 'as justice requires' standard ordinarily applied to motions under [Federal Rule of Civil Procedure] 54(b)." (citing *United States v. Hong Vo*, 978 F. Supp. 2d 41, 47 (D.D.C. 2013))). "Reconsideration may be warranted under this standard when, within the court's discretion, the court has 'patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred.'" *Id.* at *10 (quoting *Hong Vo*, 978 F. Supp. 2d at 48). The corollary of that narrow standard of review is that a motion for reconsideration "should not be used as a vehicle for relitigating issues on which the court already ruled because the party disagrees." *Id.* Put differently, a motion for reconsideration "cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. Dist. of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)).

II.    **Jensen Has Not Alleged Any Facts that Merit Reconsideration of the Revocation Order.**

Jensen does not dispute that he cannot be trusted to abide by the Court's order. Instead, he

complains that the conditions imposed by the Court were too restrictive in the first place, and he asks to be released subject to less restrictive conditions. ECF No. 54, at 2, ¶ 5. Put simply, Jensen's proposal for regaining the Court's trust is to ask the Court to lower its standards and expectations. This Court should not indulge such a request.

Nor should this Court countenance the defendant's complaints about the restrictiveness of his Internet conditions. After all, it was the defendant himself, in his June 7, 2021 bond motion, who suggested—and affirmatively requested—these conditions. *See* ECF No. 21 ¶ 7 ("Mr. Jensen now requests release to the conditions that were set in the [Southern District of Iowa]."); ECF No. 14 (Order Setting Conditions of Release (Southern District of Iowa)), at 12 ("Defendant shall not access or utilize internet-capable devices, including a cell phone. All internet-capable devices, including those of family-members residing with Defendant, shall be password protected. Any access to the Internet, directly or indirectly (through devices belonging to others, or in public spaces) is prohibited. USPO shall monitor for Defendant's Internet usage, through monitoring software, if necessary.").

Even if Jensen had not affirmatively requested these conditions in his bond motion, the Court would still have been correct to restrict Jensen's access to the Internet. After all, Jensen's bond motion made clear that *he* attributed his criminal conduct on January 6 to his consumption of "internet sourced info." ECF No. 21 ¶ 12. Moreover, he repeatedly claimed that he had become "a victim of numerous conspiracy theories that were being fed to him over the internet by a number of very clever people." *Id.* In fact, Jensen himself told the Court that restricting his access to the Internet would mitigate his danger to the community by "eliminat[ing] concerns over influence by the internet." *Id.* ¶ 13. Thus, a prohibition restricting Jensen's access to the Internet was not unduly restrictive with respect to the defendant in this case.

In sum, the defendant has not shown that he can be trusted to abide by the Court's conditions of release, and he has not alleged any facts that merit reconsideration of this Court's revocation order.

## CONCLUSION

This Court should deny Jensen's Motion for Reconsideration of the Revocation of Bond.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Hava Mirell*
HAVA ARIN LEVENSON MIRELL
CA Bar No. 311098
Assistant United States Attorney (Detailed)
312 N. Spring St., Suite 1100
Los Angeles, CA 90012
(213) 894-0717
Hava.Mirell@usdoj.gov