UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　*Plaintiff*,<br><br>　v.<br><br>DOUGLAS JENSEN,<br><br>　　　*Defendant*. | Criminal Action No. 21-6 (TJK) |

## ORDER

On February 23, 2021, the Court ordered Defendant detained pending trial. *See* ECF No. 15. Defendant later moved for pretrial release with conditions, and the Court granted that motion. *See* ECF No. 21; ECF No. 30; ECF No. 31. About one month later, Pretrial Services reported that Defendant had violated the conditions prohibiting him from accessing internet-capable devices and the internet, and the Government moved to revoke Defendant's pretrial release. *See* ECF No. 32; ECF No. 34. After a hearing on the Government's motion, the Court granted it, finding by clear and convincing evidence that Defendant had violated his conditions of release, finding that he was unlikely to abide by any condition or combination of conditions, and again ordering Defendant detained pending trial. *See* Minute Entry of September 2, 2021; ECF No. 37 (citing 18 U.S.C. § 3148). Defendant now moves for reconsideration of that order. *See* ECF No. 54. The Government opposes. *See* ECF No. 55.

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases" to allow courts "the opportunity 'to correct their own alleged errors.'" *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013) (quoting *United States v. Dieter*, 429 U.S. 6, 8 (1976)). "For interlocutory pretrial-detention orders, courts

in this district apply the 'as justice requires' standard ordinarily applied to motions under F.R.C.P. 54(b)." *United States v. Worrell*, No. 21-cr-292 (RCL), 2021 WL 2366934, at *9 (D.D.C. June 9, 2021). Under that standard, reconsideration "may be warranted" when the Court "has patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred." *Id.* at *10 (internal quotation marks omitted). But reconsideration is not "a vehicle for relitigating issues on which the court already ruled." *Id.*

In his motion, Defendant relitigates his opposition to the Government's revocation motion. *Compare* ECF No. 35 at 1–3, *with* ECF No. 54 at 2. The Court already rejected those arguments, and it will not reconsider them now. *See Worrell*, 2021 WL 2366934, at *10. Beyond that, Defendant argues that the conditions he violated were onerous given that in 2021 "the internet [is] an integral part of our lives."[1] ECF No. 54 at 2. But he does not claim, let alone show, that the Court previously "patently misunderstood" him, "made a decision beyond the adversarial issues presented," or "made an error in failing to consider controlling decisions or data," and he does not identify any relevant "controlling or significant change in the law." *See Worrell*, 2021 WL 2366934, at *10. Thus, he has not shown that reconsideration is warranted.[2]

---

[1] As the Government points out, Defendant did not object to these conditions when they were imposed. Far from it—*he* suggested them. *See* ECF No. 21 at 4. He did so because he himself linked his conduct on January 6 to his consumption of "internet sourced info." *Id*. at 7. And he told the Court that restricting his access to the internet would mitigate his danger to the community by "eliminat[ing] concerns over influence by the internet." *Id*. at 8.

[2] Defendant also argues that the Court should modify his conditions of release relating to internet access. *See* ECF No. 54 at 2. The Court will deny his motion for reconsideration, so Defendant will remain detained. Thus, the Court need not consider whether to modify these conditions. But that Defendant seeks to modify conditions that he himself proposed—after violating them—only underscores the Court's conclusion that he is unlikely to abide by them.

For these reasons, it is hereby **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 54, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>TIMOTHY J. KELLY<br>United States District Judge

Date: January 12, 2022