## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | * |
| **v.** | * **Crim. No. 21 CR 006 (TJK)** |
| **DOUGLAS A. JENSEN** | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## SECOND MOTION TO SUPPRESS STATEMENTS
## AND DERIVATIVE EVIDENCE

Defendant Douglas Jensen, by and through undersigned counsel, Christopher M. Davis, moves this Honorable Court, pursuant to 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress statements made by him when he was illegally detained, along with the derivative evidence from a subsequent search of his cell phone.

## FACTS

Following the events of January 6, 2021, Doug Jensen made his way to the Des Moines Iowa Police.  Sleep deprived, he walked for over an hour to the station at the suggestion of his wife.  Once there, he was not free to leave until he completed his interview with the authorities, which included an FBI agent.

At the outset, Jensen appears in a room by himself and is soon joined by law enforcement.  After an hour of questioning, with no indication of having been

1

Mirandized, an FBI agent interrupts the interview by leaving the room.  However, before he leaves the room - for the camera – he states the date and memorializes the fact that this is a voluntary "custodial interview" of Mr. Jensen.  Ex. 1(a): Video at 10:32:05.[1]  Jensen is present when this statement is made to the camera.

Shortly after the agent leaves the room, closing the door on his way out, another agent comes in and asks the defendant whether he wants to go outside for a smoke.  Ex. 1(b): Video 10:36:40. Jensen goes outside the room to smoke a cigarette, accompanied by the agent the whole time he is out of the room.  Upon his return, the interview then resumes.  During the interview, Jensen signs a consent to have his cell phone searched.  See Ex. 1(c): Video at 12:31:30.

At the conclusion of this interview, another FBI agent memorializes for the camera that this was a voluntary "non-custodial" interview.  See Ex. 1(d): Video at 12:35:10. Mr. Jensen is not in the room when this is done.  The agents drive him home and tell him not to go anywhere.  They leave only to return shortly thereafter to arrest Jensen on a complaint signed in Washington DC on the same day at 6:36:10 CST.  See Ex. 2: Complaint and Affidavit.

## **ARGUMENT**

Mr. Jensen submits that his digital video statement must be suppressed

---

[1] Copies of the relevant clips from this four-hour interview will be provided in advance at the hearing on this motion as Exhibit 1 (a)-(d).

because:

    1.  he was illegally detained absent probable cause when the

statements were made;

    2.  he was not Mirandized; and

    3.  his statements were not voluntary.

    In the event there was probable cause to detain Jensen, he should have been Mirandized.  The fact the agents dropped him off at his home, with instructions not to go anywhere, does not undo this de facto arrest, which for theatrical reasons went on for hours culminating in a jail cell.   Put another way, one cannot tell a person he in in custody, obtain an unadvised statement and then reset the stage as a non- custodial encounter.

A.     <u>*Defendant Was Illegally Detained Absent Probable Cause*</u>

    The burden is on the government to establish that the unlawful seizure of Jensen was supported by probable cause based on the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983).  As the agent stated mid-interview, in Jensen's presence, this was a custodial interview.  An objectively reasonable person would believe he was in custody when so advised by an FBI agent during a four-hour recorded interview in an interrogation room.  The government cannot have it both ways:  either there was probable cause to detain him and therefore he should have been *Mirandized* or there was no probable cause

3

to detain, and his detention was in violation of the Fourth Amendment.  Therefore,

statements made as a result of the illegal detention and interrogation must be

suppressed, inclusive of Jensen's consent to search his cell phone. *Wong Sun v.*

*United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963) (Evidence

discovered as a direct result or as indirect fruit of the illegal seizure must also be

suppressed).

B.      <u>*Defendant Was Not Mirandized*</u>

The premise for *Miranda* warnings is that custodial interrogation is

inherently coercive.  *Miranda v. Arizona,* 384 U.S. 436, 467 (1966).  Whether

*Miranda* rights are required depends on whether the suspect is in custody, but a

formal arrest is not determinative.  An officer's knowledge or beliefs may bear

upon the custody issue if they are conveyed, by word or deed, to the individual

being questioned. Cf. *Michigan v. Chesternut,* 486 U.S. 567, 575, n. 7 (1988).  See

also, *Stansbury v. California*, 511 U.S. 318, 325 (1994).

Here Jensen was told he was in custody.  It is well-established that law

enforcement officers engaged in custodial interrogation of a suspect are required to

recite a prophylactic warning advising the suspect of his option to invoke his Fifth

and Sixth Amendment rights. Prior to any questioning, the suspect must be warned

that he has the right to remain silent, that any statement he makes can, and will, be

used as evidence against him, and that he has the right to the presence of an

attorney, retained or appointed. *Miranda v. Arizona,* 384 U.S. 436, 444-45 (1966).

No warnings were given to Mr. Jensen.  As such the statements must be

suppressed.

C.      *The Statements Were Not Voluntary*

        The Fifth Amendment Due Process Clause requires that to be admissible in

evidence, any statement given to law enforcement agents must be voluntary.

*Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *Colorado v. Connelly*, 479 U.S.

157, 163 (1986). The prosecution bears the burden of showing voluntariness.

*California v. Connelly,* 479 U.S. at 168-69; *Lego v. Twomey*, 404 U.S. 477, 489

(1972). A defendant challenging voluntariness of a statement has a right to "a fair

hearing and a reliable determination on the issue of voluntariness." *Jackson v.

Denno*, 378 U.S. 368, 377 (1964). A challenge to the voluntariness of an admission

requires this Court "to determine whether, under the totality of the circumstances,

the challenged [statement] was obtained in a manner compatible with the

requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). See

also, *Schneckloth*, 412 U.S. at 225. A statement is involuntary if a suspect's will

has been overborne in extracting it from him. *United States v. Braxton*, 112 F.3d

717, 780 (4th Cir. 1991). Involuntariness may result from physical coercion, *Reck

v. Pate*, 367 U.S. 433, 440 (1961).  The Supreme Court has made clear that "a

finding of coercion need not depend upon actual violence by a government agent, a

credible threat is sufficient. As we have said, coercion can be mental as well as physical." *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 206 (1960)).

The sleep deprivation the defendant was undergoing, the enclosure in an interrogation room, and the announcement that he was in the midst of a custodial interview all bear on the question of whether Jensen submitted to a voluntary interview.  The interview lasted four hours.  At one point, given the substance of some of the Jensen's response, the agent asked him if he had ever undergone a mental health evaluation.  The agents played on all of these factors and attempted to reset the stage as a non-custodial voluntary interview.  Jensen argues that the interview was custodial from an objectively reasonable viewpoint and that the four-hour recorded interview was anything but voluntary.

## <u>CONCLUSION</u>

For all of the reasons discussed above, Mr. Jensen respectfully moves to suppress any statement he has made and to likewise suppress the evidence derived from a search of his cell phone.


Respectfully submitted,

_____/s/_____
Christopher M. Davis
Counsel for Douglas Jensen

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
(202) 234-7300


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this motion was served upon all counsel of

record via the Court's CM/ECF System on this 11th day of March 2022.


_____/s/_____
Christopher M. Davis