UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | * |
| v. | * Crim. No. 21 CR 006 (TJK) |
| **DOUGLAS A. JENSEN** | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION TO DISMISS COUNT ONE

Douglas Jensen, through undersigned counsel, and pursuant to Rule of Criminal Procedure 12(3)(B)(v), hereby respectfully requests that the Court dismiss Count One of the Superseding Indictment (Dkt. 50), which charges him with obstruction of law enforcement during civil disorder under 18 U.S.C. § 231(a)(3).

**I. Legal Standard**

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1), and "must provide the defendant sufficient detail to allow him to prepare a defense, to defend against a subsequent prosecution of the same offense, and to ensure that he be prosecuted upon facts presented to the grand jury." *United States v. Apodaca*, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) (citing *Russell v. United States*, 369 U.S. 749 (1962), and *Stirone v. United States*, 361 U.S. 212 (1960)). A defendant "may raise by pretrial motion any defense, objection, or request that the Court can determine

without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B). Rule 12 provides that a defendant may also move to dismiss the indictment for "failure to state an offense" and "lack of specificity." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

A criminal statute is unconstitutionally vague if it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *United States v. Bronstein,* 849 F.3d 1101, 1106 (D.C. Cir. 2017) (quoting *Johnson v. United States*, 576 U.S. 591, 595 (2015)). "The touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259 (1997). The void-for-vagueness doctrine protects against arbitrary or discriminatory law enforcement. *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (citing *Kolender v. Lawson,* 461 U.S. 352, 358 (1983)).

## II.     ARGUMENT

18 U.S.C. § 231(a)(3), Civil disorders, provides that:

> Whoever commits or attempts to commit *any act to obstruct, impede, or interfere with* any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties *incident to and during the commission of a civil disorder* which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function shall be fined under this title or imprisoned not more than five years or both.

18 U.S.C. § 231(a)(3) (emphasis added). This subsection of the civil disorder statute is overbroad and unconstitutionally vague because §231(a)(3)'s imprecise

and subjective standards fail to provide fair notice as to what conduct is criminal and creates significant risk of arbitrary enforcement. Further, several of the statute's terms are so broad and indefinite as to impose unqualified burdens on protected expression.

### A. Section 231(a)(3) is Unconstitutionally Vague

"The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'" *Johnson v. United States*, 576 U.S. 591, 595 (2015) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). As the Supreme Court has explained,

> [i]t is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute abuts upon sensitive areas of basis First Amendment freedoms, it operates to inhibit the exercise of those freedoms.

*Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) (internal citations and quotations omitted). As observed by the Supreme Court in *Grayned*, vagueness

concerns are most acute when the statute imposes criminal penalties and implicates the First Amendment by chilling exercise of protected expression. See Kolender v. Lawson, 461 U.S. 352, 358-59 n. 8 (1983); Village of Hoffman Estates v. Flipside, 455 U.S. 489, 498-99 (1982); see also Smith v. Goguen, 415 U.S. 566, 573 (1974) (Where "a statute's literal scope [reaches] expression sheltered by the First Amendment, the [vagueness] doctrine demands a greater degree of specificity than in other contexts."). Section 231(a)(3) is replete with vague and imprecise terms that fail to provide a person of ordinary intelligence a reasonable opportunity to know exactly what conduct is prohibited. The following examples are illustrative of §231(a)(3)'s impermissible vagueness.

### **"Any Act to Obstruct, Impede, or Interfere"**

By penalizing "any act to obstruct, impede, or interfere," §231(a)(3) reaches the outer limits of verbal and expressive conduct without drawing any distinction that could exclude acts undertaken merely to convey a message or symbolic content. See Roy v. City of Monroe, 950 F.3d 245, 252 (5th Cir. 2020) (acknowledging that "[s]tanding alone . . . a prohibition on 'any act [undertaken] in such a manner as to disturb or alarm the public' fails meaningfully to guide the police and thus poses a substantial risk of arbitrary or discriminatory enforcement.") (quoting Louisiana v. Cox, 379 U.S. 536, 551-52 (1965)). The phrase "any act to obstruct, impede, or

interfere" can fairly include within its plain meaning such diverse acts as pure speech, expressive conduct, minimal jostling or even grievous, violent assaults.

### "Incident to and During the Commission of a Civil Disorder"

The broad phrase "incident to and during the commission of a civil disorder" is also problematically vague. The term "civil disorder," as defined under §232(1), is extremely far-reaching, applying to "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of . . . injury to the property." 18 U.S.C. § 232(1). This definition of "civil disorder" offers no limitation to solve the vagueness problem because it could apply to virtually any tumultuous public gathering to which police might be called, not just large-scale protests or riots. Further, there is no indication within the statute whether the defendant is required to have participated in the civil disorder, or if it is sufficient that he or she be in the general vicinity of the event.

### Lack of Scienter

The Supreme Court has repeatedly affirmed that "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Vill. of Hoffman Ests.* at 499. But here, there is no such mitigation, because Section 231(a)(3) contains no scienter requirement, thus creating 'a trap for those who act in good faith.'" *Colautti v.*

*Franklin*, 439 U.S. 379, 395 (1979) (quoting *United States v. Ragen*, 314 U.S. 513, 524 (1942)). Because the statute omits an express *mens rea* requirement, it is left to police, prosecutors, and judges to decide whether the statute requires knowledge or specific intent or neither. The absence of a scienter/*mens rea* element weighs in further favor of the statute's unconstitutionality.

By enacting a statute with such imprecise language, Congress created "a criminal prohibition of alarming breadth." *United States v. Stevens,* 559 U.S. 460, 474 (2010). "Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019). Section 231(a)(3)'s scope "may entirely depend" on a law enforcement official's unbounded speculation about subjective factors, *Coates v. Cincinnati,* 402 U.S. 611, 614 (1971), thus subjecting "individuals to the risk of arbitrary or discriminatory prosecution and conviction." *United States v. Kozminski*, 487 U.S. 931, 949-50 (1988) (holding statute unconstitutionally vague where liability "depend[ed] entirely upon the victim's state of mind").

In *Houston v. Hill*, 482 U.S. 451 (1987), the Supreme Court declared unconstitutional a municipal ordinance that made it unlawful to interrupt a police officer in the performance of his or her duties, finding that the ordinance's sweeping nature was neither "inevitable" nor "essential to maintain public order." 482 U.S. at

464. Because the ordinance was "not narrowly tailored to prohibit only disorderly conduct or fighting words," it gave police "unfettered discretion to arrest individuals for words or conduct that annoy or offend them." *Id.* at 465. Similarly, here, §231(a)(3) casts far too wide a net. By expansively encompassing "any act" that could interfere with the duties of a police officer or firefighter during a civil disorder, §231(a)(3) is not limited to "violent acts" or acts that result in bodily injury or that otherwise put persons or property in imminent danger. *C.f. United States v. Reese*, 92 U.S. (2 Otto) 214, 221 (1876) ("It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large."). Moreover, the statute does not weed out those acts with protected expressive content or those that occur in a traditional public forum. Instead, as shall be developed further, *infra*, §231(a)(3) reaches a substantial amount of expressive conduct, and without clear boundaries, the law chills free speech and invites discriminatory application by law enforcement and the government.

    **B.**    **Section 231(a)(1) Impermissibly Criminalizes Protected Speech under the First Amendment**

"In the First Amendment context, . . . a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473

(2010) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)). The First Amendment protects expressive conduct such as cross-burning, flag-burning and assembly in inconvenient places.[1] Conduct is considered expressive, and therefore protected, under the First Amendment when it "is intended to convey a 'particularized message' and the likelihood is great that the message would be so understood." *Knox v. Brnovich*, 907 F.3d 1167, 1181 (9th Cir. 2018) (quoting *Nunez v. Davis*, 169 F.3d 1222, 1226 (9th Cir. 1999)).

The plain language of §231(a)(3) is at odds with the protections of the First Amendment. Indeed, the broadness of §231(a)(3)'s scope would presumably authorize a felony conviction for a bystander who yells at police to desist from an arrest, one who gestures at officers to distract or to encourage resistance, or one who records police activity with a cell phone. *See Hill*, 482 U.S. at 459 ("[W]e have repeatedly invalidated laws that provide the police with unfettered discretion to arrest individuals for words or conduct that annoy or offend them."); *Glick v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011) ("[T]he First Amendment protects the filming of government officials in public places."). The First Amendment does not

---

[1] *See Virginia v. Black*, 538 U.S. 343, 365-66 (2003) ("[S]ometimes the cross burning is a statement of ideology, a symbol of group solidarity"); *Texas v. Johnson*, 491 U.S. 397, 405-06 (1989) (flag burning constituted "expressive conduct" protected by the First Amendment); *Clark v. Cmty. For Creative Non-Violence*, 468 U.S. 288, 293 (1984) (assuming that "sleeping in connection with the demonstration is expressive conduct protected to some extent by the Frist Amendment.").

permit an unqualified prohibition on "interference" with police duties because "the freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Hill*, 482 U.S. at 462-462; *see also McCoy v. City of Columbia*, 929 F. Supp. 2d 541, 550 (D.S.C. 2013) (invalidating a state statute for overbreadth that made it "unlawful for any person to interfere with or molest a police officer in the lawful discharge of his duties.").

Broad criminal statutes like §231(a)(3) "must be scrutinized with particular care." *Hill*, 482 U.S. at 459; *see also Winters v. New York*, 333 U.S. 507, 515 (1948) ("The standards of certainty in statutes punishing for offenses is higher than in those depending primarily upon civil sanction for enforcement."). Criminal laws that "make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." *Id.* Section 231(a)(3) extends to a substantial amount of constitutionally protected speech and expressive conduct, well in excess of the law's legitimate sweep.

### C. Section 231(a)(3) Cannot be Saved by Construction without Violating the Constitutional Separation of Powers

Judicial interpretation cannot save §231(a)(3) from its constitutional invalidity. A statute's vagueness does not permit judges to "rewrite a law to confirm it to constitutional requirements, for doing so would constitute a serious invasion of the legislative domain, and sharply diminish Congress's incentive to draft a narrowly

tailored law in the first place." *Stevens*, 559 U.S. at 481. Rather, "[w]hen Congress passes a vague law, the role of the courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *Davis*, 139 S. Ct. at 2323.

## CONCLUSION

Section 231(a)(3) is constitutionally vague and overbroad. Accordingly, this Honorable Court should dismiss Count One Superseding Indictment.[2]

Respectfully submitted,

_____/s/_____
Christopher M. Davis
Counsel for Douglas Jensen

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
(202) 234-7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of record via the Court's CM/ECF System on this 11th day of March 2022.

_____/s/_____
Christopher M. Davis

---

[2] Undersigned counsel acknowledges that similar arguments have been presented in other January 6 cases and found to be unpersuasive by district judges in *United States v. Mostofsky*, 1:21CR138-JEB and *United States v. McHugh*, 1:21CR453-JDB. The same arguments were raised (and liberally adopted here) in *United States v. Gieswein* 1:21CR24 (EGS).