UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-6 (TJK) |
| v. : | |
| : | |
| DOUGLAS AUSTIN JENSEN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
<u>IMPROPER EVIDENCE OF POLICE INTERACTIONS WITH OTHERS</u>**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order precluding the defendant from arguing or presenting evidence of alleged inaction or invitations by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

On January 6, 2021, defendant Douglas Austin Jensen, having traveled halfway across the country to participate in the rally in support of then-President Trump, decided to join a mob to storm the U.S. Capitol building in an effort to stop the certification of the Electoral College votes. He scaled the walls to reach the doors to the building. He was among the first rioters to enter the Capitol building itself, climbing through a recently broken window to do so. Once inside, he chased a U.S. Capitol Police officer up a flight of stairs in a menacing fashion, refusing to obey orders to stop and leave. During the attack, as Jensen later admitted, he carried a knife. He later told law enforcement that he wanted to stop then-Vice President Mike Pence, adding that "I was trying to fire up this nation," and "I'm all about a revolution."

At trial, Jensen may argue that he lacked the requisite intent to commit the crimes charged. To support such a defense, the government believes he may seek to point out alleged inaction by the police to stop his progress through the Capitol. Or he might argue that officers invited his

conduct, offering him encouragement or allowing him access. This evidence is only proper if it is supported by a proper foundation.

The conduct of law enforcement officers may be relevant to Jensen's state of mind on January 6, 2021. However, unless Jensen shows that he specifically observed or was otherwise aware of some alleged inaction or invitation by law enforcement, such evidence is irrelevant because it could not have impacted Jensen's intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable…and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if Jensen was not aware of law enforcement's alleged inaction or alleged invitations to enter at the time he entered or remained on restricted grounds or in the Capitol building, any such alleged inaction or behavior would have no bearing on his state of mind and therefore would not meet the threshold for relevance. For example, evidence that a law enforcement officer across the building outside of Jensen's view may have waved rioters inside, or offered them aid or comfort, is simply irrelevant in this case. Consequently, unless Jensen shows he specifically observed or was aware of alleged inaction or invitations by the police, this Court should exclude such testimony, evidence, and argument.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    /s/ *Emily W. Allen*
        EMILY W. ALLEN, Cal. Bar No. 234961
        Assistant United States Attorney
        555 Fourth Street, N.W.
        Washington, DC 20530
        emily.allen@usdoj.gov
        (907) 271-4724