UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-6 (TJK)** |
| v. | : | |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| | : | |
| Defendant. | : | |

## MOTION IN LIMINE REGARDING
## AUTHENTICATION OF THIRD-PARTY EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion *in limine* regarding the authentication of certain video and photo evidence at trial. The parties are discussing possible trial stipulations, which may include agreements about the authenticity of video and photos. In the event no stipulation is reached, the government submits this motion for the Court's consideration.

### BACKGROUND

The riot at, and attack on, the United States Capitol Building was an event of unparalleled size and scope. Much of the event was recorded on video: on surveillance footage captured by the U.S. Capitol Police ("USCP") cameras; on Metropolitan Police Department ("MPD") body-worn cameras ("BWC"); on cameras carried by journalists; and on cameras and phones operated by rioters. The government's case at trial will include USCP and BWC camera footage to prove the defendant's specific conduct and the greater context in which it took place. In addition, the government intends to introduce footage from videos and photos taken by other people on the scene; for this category of evidence, the government will authenticate the evidence in the manner

described in this motion.[1]

Under Federal Rule of Evidence 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 901(b) provides a non-exhaustive list of examples of evidence that satisfies this requirement. As relevant here, those examples include:

> (3) *Comparison by an Expert Witness or the Trier of Fact*. A comparison with an authenticated specimen by an expert witness or the trier of fact.
> (4) *Distinctive Characteristics and the Like*. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

Fed. R. Evid. 901(b)(3), (4).

As a general matter, establishing an item's authenticity is not "a particularly high hurdle." *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992); *see also United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009) ("The burden to authenticate under Rule 901 is not high"); *Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 927 (3d Cir. 1986) ("The burden of proof for authentication is slight."); *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) ("The threshold for the Court's determination of authenticity is not high, . . . and the proponent's burden of proof for authentication is slight[.]" (citation and quotation marks omitted)). Rule 901 "requires only a prima facie showing of genuineness and leaves it to the [finder of fact] to decide the true authenticity and probative value of the evidence." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997) (citing cases); *see also, e.g.*, *United States v. Belfast*, 611 F.3d 783, 819 (11th

---

[1] The government also intends to introduce video recordings taken by the Senate Recording Studio or Broadcast Studio to provide evidence of the Congressional proceedings the defendant intended to obstruct. These videos, however, do not include footage of the defendant. The government intends to authenticate them in a similar manner to the USCP and BWC footage.

Cir. 2010) ("[A]uthentication itself is 'merely . . . the process of presenting sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be.'") (quoting *United States v. Caldwell*, 776 F.2d 989, 1002 (11th Cir. 1985)); *Vidacek*, 553 F.3d at 349 ("only a *prima facie* showing is required"). Stated differently, "[t]he standard the district court must apply in evaluating a document's authenticity is whether there is enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be." *United States v. Blanchard*, 867 F.3d 1, 6 (1st Cir. 2017) (quoting *United States v. Paulino*, 13 F.3d 20, 23 (1st Cir. 1994)). Once that showing is made, "[t]he factual determination of whether evidence is that which the proponent claims is ultimately reserved for the [finder of fact]." *Vidacek*, 553 F.3d at 349; *see also, e.g.*, *Belfast*, 611 F.3d at 819 ("Once that *prima facie* case is established, the evidence is admitted and the ultimate question of authenticity is decided by the jury.").

To make out a prima facie showing of authenticity, "circumstantial evidence of authenticity can be sufficient." *United States v. Bruner*, 657 F.2d 1278, 1284 (D.C. Cir. 1981). *See, e.g.*, *United States v. Broomfield*, 591 F. App'x 847, 851 (11th Cir. 2014) (unpublished) ("Authentication may be established 'solely through the use of circumstantial evidence.'" (quoting *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990)). And, importantly, the party seeking to admit evidence need not "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994). Rather, "the government must only 'demonstrate that, as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated.'" *United States v. Celis*, 608 F.3d 818, 842 (D.C. Cir. 2010) (quoting *United States v. Stewart*, 104 F.3d 1377, 1383 (D.C. Cir. 1997)); *see, e.g.*, *United States v. Bowens*, 938 F.3d 790, 794-95 (6th Cir. 2019) (explaining that "[a]nyone could have used the defendants' Facebook accounts, just as the

3

pictures could have depicted the men smoking tobacco cigars, and 'getting high' could have been a reference to skydiving," but that there was sufficient circumstantial evidence "for the jury to infer that the accounts belonged to the defendants, and that the defendants were the authors of the posts about using marijuana"); *Broomfield*, 591 F. App'x at 852 (finding sufficient evidence of authenticity even though "there was no testimony establishing that the recording equipment was reliable or that the video was not altered or staged").

In deciding preliminary questions about the admissibility of these videos, "[t]he court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a). In other words, the government may rely upon otherwise inadmissible evidence in establishing the authenticity of the video evidence described in this motion. *See, e.g.*, *United States v. White*, 116 F.3d 903, 914 (D.C. Cir. 1997). Of course, even with a pretrial ruling that evidence is authentic, and thus admissible, the government must introduce sufficient evidence at trial from which a reasonable fact-finder could reach the same conclusion regarding authenticity. *See, e.g.*, *United States v. Gammal*, 831 F. App'x 539, 542 n.6 (2d Cir. 2020) (unpublished) ("Insofar as the District Court relied on non-public information to make its preliminary determination, it did not err because it did not do so in lieu of the presentation of sufficient authenticating public evidence later at trial."); *United States v. Puttick*, 288 Fed. App'x 242, 246 (6th Cir. 2008) (unpublished) ("It is permissible for the judge to make a preliminary determination as to authentication, admit the evidence conditionally under Rule 104(b), and then allow the jurors to be the final arbiters of whether it was actually authenticated."); *United States v. Branch*, 970 F.2d 1368, 1371 (4th Cir. 1992) ("Thus, even though the district court may have ruled during an in camera proceeding that the proponent had presented sufficient evidence to support a finding that a tape recording was authentic, evidence that would

support this same ruling must be presented again, to the jury, before the tape recording may be admitted.").

## ANALYSIS

The government anticipates offering video clips from the United States Capitol Police and Metropolitan Police Department, as well as from sources other than USCP or BWC from MPD officers. Some of these other sources include reporters who were present in the Capitol that day, the defendant's fellow rioters, or other members of the crowd. Many of the videos were obtained through open-source means and are publicly available. For any such videos, the government will establish authenticity by asking the Court to compare it with other, authenticated exhibits: in particular, USCP or BWC footage. Fed. R. Evid. 901(3). Police footage will confirm that such videos are what they purport to be: recordings of the same events, captured from a slightly different perspective, and depicting events and sounds that were not captured by the USCP or BWC systems. In addition, the distinctive features of the interior of the Capitol building and of the other individuals in the footage will help authenticate the videos. *Id*. at 901(4).

By way of example, the government intends to offer a video taken by another person, which was widely publicized on Youtube and other platforms[2] (hereinafter referred to as "the @BGOnTheScene video," a reference to the video's watermark) that shows Jensen among a small crowd watching and cheering as a rioter broke a window near the Senate Wing Doors of the Capitol building. There was a two-paned window on each side of those doors; when looking at the windows from inside the building, the window being broken in that video is to the left. The government will introduce USCP video that shows the window being broken, taken from inside the building. The bgonthescene video captures precisely the same moment and the same window-

---

[2] A portion of the video is available on Youtube, here: https://www.youtube.com/watch?v=jtPmi4BShNM (last accessed May 27, 2022).

breaking event as shown on the USCP video, but taken from the vantage point just outside the building. This different perspective will be valuable in showing what Jensen himself was perceiving as the window was broken and rioters—followed by Jensen—jumped inside through the broken window opening.

Below is a screenshot from USCP video of the windows on both sides of the Senate Wing Door as they were being broken. A wooden beam is protruding into the left-side window:



Below is a screenshot from the @BGOnTheScene video, at roughly the same moment as the above screenshot, showing the same event from just outside the left-side window – as evident from the wooden beam that protrudes partially into the building:



Moments later, Jensen can be seen in the @BGOnTheScene video, as members of the crowd he was in jumped through the broken window. Jensen followed them inside just a few seconds later.



With his recognizable black "Q" T-shirt over his grey hooded sweatshirt, Jensen is seen in the @BGOnTheScene video jumping through the broken window.



At approximately the same time but from a different perspective, Jensen is seen in the USCP video after he entered the building, landing on the ground inside next to the same rioter in the red hat shown above. From this vantage point, the front of Jensen's "Q" shirt is visible.



In *United States v. Rodean*, the Honorable Trevor N. McFadden granted a similar motion *in limine* relating to the same BGOnTheScene video. Case No. 1:21-cr-00057-TNM, Dkt. No. 50

(D.D.C. Apr. 20, 2020). There, the court noted that the defendant "does not suggest what foundation the Court would need beyond what the Government has already provided. Nor does he suggest any legal basis for rejecting the Government's motion." *Id.* at 3. This Court should come to the same conclusion here.

## CONCLUSION

For the reasons stated herein, in the event no stipulation is reached, the government respectfully requests that this Court find this and similar video from non-USCP or BWC sources, to be submitted as part of its exhibit list pre-trial and authenticated with the same techniques, satisfies the authenticity requirement of Fed. R. Evid. 901.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By:    /s/ *Emily W. Allen*
    EMILY W. ALLEN, Cal. Bar No. 234961
    Assistant United States Attorney
    555 Fourth Street, N.W.
    Washington, DC 20530
    emily.allen@usdoj.gov
    (907) 271-4724