UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-6 (TJK) |
| v. : | |
| : | |
| DOUGLAS AUSTIN JENSEN, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE TRIAL DATE

Defendant Douglas Austin Jensen, who was charged on January 8, 2021 in connection with events at the U.S. Capitol on January 6, 2021, and who has been in custody for most of the time pending trial, has moved to continue the trial date currently set for September 19, 2022. Def. Mtn. to Continue, ECF 72. He argues that the ongoing publicity from the House Select Committee hearings, the November Congressional elections, and the expected Committee report will render it difficult if not impossible to select an unbiased jury. Because Jensen's concerns are purely speculative and the well-established and thorough voir dire process will safeguard his right to a fair and unbiased jury, the government opposes the request.

**I.      Jensen's Speculation About Jury Bias**

The facts of this standalone case have garnered no mention in the Select Committee's hearings. The content of the hearings has focused heavily on the acts of those around the former President and Vice President, and, to some extent, on the actions of organized groups, such as the Proud Boys. The government is not aware of any anticipated trial witness who provided testimony to the Select Committee, nor of any testimony relevant to this criminal case that garnered any media attention that could impact a jury pool as to this case specifically.

Thorough voir dire, similar to that conducted in the several January 6 trials already held in this district, will address any potential impact from the Select Committee's hearings. The Supreme Court has observed that voir dire is "well suited to th[e] task" of probing a crime's "widespread community impact." *Skilling v. United States*, 561 U.S. 358, 384 (2010). Similarly, the D.C. Circuit has said that "*voir dire* has long been recognized as an effective method of routing out [publicity-based] bias, especially when conducted in a careful and thoroughgoing manner." *In re Nat'l Broadcasting Co.*, 653 F.2d 609, 617 (D.C. Cir. 1981); *see Jones v. Gasch*, 404 F.2d 1231, 1238 (D.C. Cir. 1967) (quotation omitted) (stating that "the proper occasion" for determining whether an impartial jury can be selected "is upon the *voir dire* examination"). That court has held that a defendant is not entitled to a continuance even if the defendant himself is the subject of extensive pretrial publicity, because "if an impartial jury actually cannot be selected, that fact should become evident at the *voir dire*." *United States v. Haldeman*, 559 F.2d 31, 63 (D.C. Cir. 1976) (affirming district court's denial of request to continue).

Other than his speculation, Jensen has not identified any particular fact or reason to conclude that voir dire will be inadequate to protect his right to an impartial jury. Nor is there any support for his contention that a delay of the trial would resolve any of the speculative issues that his motion raises. Even if there were reason to believe that some jurors might harbor secret biases undisclosed in under-oath voir dire, there is no reason to suspect those biases would disappear by February 2023. Much like Jensen's motion to change venue, ECF 64, the solution he seeks is not well-tailored to the problem he fears. Instead, the proper way to address his concern is through careful voir dire questions. *See* Government's Opposition to Defendant's Moion to Transfer Venue, ECF 67, at 3-7.

Jensen's other two grounds for a continuance suffer from logical flaws. His second claim is that the mid-term Congressional elections in November will "polarize and inflame the populace." Def. Mtn. at 1. But the citizens of D.C., who will make up the defendant's jury pool, indeed have far less at stake in the November Congressional election because they have no voting Representative to Congress, making it hard to accept the premise that the residents of D.C. would feel polarized or inflamed. Even if they did suffer inflammation at the prospect of an election, it is hard to see how that would bear on Jensen's criminal case. Moreover, a September trial would avoid any even speculative problems arising from a November event, nearly two months in the future.

Third, similarly, Jensen claims that the "expected" report that he projects may be issued by the Select Committee at the end of the year will fan the flames of "personal opinions and biases." Def. Mtn. at 1. There is no assurance that the Committee's report will be released on that timeframe. More fundamentally, there is no reason to believe that any personal opinions about the Committee's work and conclusions would impact the jury panel's ability to evaluate Jensen's standalone case fairly. But even if Jensen's dubious premises are accepted, a September 2021 trial—months before any flame-fanning report were issued—should in fact *protect* Jensen's rights rather than infringe on them.

In *United States v. Williams*, 21-cr-377-BAH, Chief Judge Howell rejected a similar request for a continuance by a January 6 defendant, who like Jensen argued that pre-trial publicity from the Select Committee hearings would make it impossible to select an impartial jury. Order, ECF 108 (June 23, 2022). In contrast to Jensen's trial, Williams' June 2022 trial was set to *overlap* with the televised Committee hearings. Chief Judge Howell reiterated the Court's decision, made earlier in the proceedings, to ask the following voir dire question to which the parties had agreed:

3

> If you have watched any coverage of the Congressional hearings, would you have any difficulty putting aside any opinions you may have formed about the people involved in the events of January 6, 2021, and decide this case based solely on the evidence that will be presented in court, follow the law, and decide the case in a fair and impartial manner?

*Williams*, Government's Opposition, ECF 104 (June 22, 2022), at 3; *see also* Order, ECF 108, at 3 (citing the additional voir dire question). As Chief Judge Howell concluded, "Nothing has happened since then to alter the nature and subject matter of the Hearings so as to render this agreed-upon remedy insufficient." *Id.* Similarly, nothing here renders voir dire ineffective.

Chief Judge Howell was correct, and the parties in *Williams* selected a neutral and unbiased jury without incident. Indeed, unbiased juries have been selected and empaneled without trouble in each of the January 6 trials that have occurred to date, despite concerns articulated before jury selection by many of the defendants. *See, e.g., United States v. Reffitt*, 21-cr-32, Minute Entries (D.D.C. Feb. 28 and Mar. 1, 2022); *United States v. Robertson*, 21-cr-34-CRC, Minute Entry (D.D.C. Apr. 5, 2022); *United States v. Thompson*, 21-cr-161, Minute Entry (D.D.C. Apr. 11, 2022); *United States v. Webster*, No. 21-cr-208, Minute Entry (D.D.C. Apr. 25, 2022); *United States v. Hale-Cusanelli*, 21-cr-37, Minute Entry (D.D.C. May 23, 2022). The first January 6-related trials have confirmed that voir dire can adequately screen out prospective jurors who cannot be fair and impartial, while leaving more than sufficient qualified jurors to hear the case.

## II. Defense Counsel's Potential Scheduling Conflict

In the alternative, Jensen requests a shorter continuance to accommodate counsel's trial schedule in *United States v. Tejan*, D. Md. Case No. 21-cr-101-GJH, a District of Maryland trial set to begin on September 5, 2022. Def. Mtn. at 2. This Court scheduled Jensen's September 19 trial on February 11, 2022, along with a pretrial schedule including deadlines for motions, disclosures, and other trial preparation events, some of which have already occurred. The

4

defendant in *Tejan*, who is also in custody pending trial, was indicted on April 14, 2021. D. Md. Case No. 21-cr-101-GJH, ECF 1. His trial was scheduled by scheduling order issued on April 5, 2022, *id*. at ECF 29, nearly two months after this Court set Jensen's trial. Accordingly, to the extent the trials conflict or make adequate preparation impossible, the government requests that the defense seek first to re-set the trial date in that matter, if possible. In the alternative, this Court could maintain the September 19 trial date but trail the proceedings to allow the *Tejan* matter to adjourn.

For the foregoing reasons, the defendant's motion to continue the trial date to February 2023 should be denied. In addition, the government respectfully requests that the trial date of September 19, 2022, remain on calendar, and any conflict in defense counsel's trial schedule be addressed by trailing the start of this case as needed to avoid the conflict with other pending matters.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:  /s/ *Emily W. Allen*
    EMILY W. ALLEN, Cal. Bar No. 234961
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, DC 20530
    emily.allen@usdoj.gov
    (907) 271-4724