UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DOUGLAS AUSTIN JENSEN,<br><br>*Defendant*. | Criminal Action No. 21-6 (TJK) |

### ORDER

Trial in this case, which stems from the January 6, 2021 assault on the United States Capitol, was set for September 19, 2022 about six months ago. *See* ECF No. 50; ECF No. 59 at 2. On July 29, Defendant filed a Motion to Continue Trial Date. ECF No. 72. In his Motion, Defendant first requests that the trial be rescheduled to the "end of February 2023" because of concerns about being able to empanel an impartial jury in September due to (1) "ongoing publicity" from hearings by the Select Committee to Investigate the January 6th Attack on the United States Capitol; (2) the upcoming mid-term elections that Defendant worries will "further polarize and inflame the populace"; and (3) the Select Committee's final report "expected at the end of the year" that Defendant worries "will again fan the flames of individuals' personal opinions and biases." *Id.* at 1–2. Alternatively, Defendant requests that the trial be rescheduled to start on September 21, 2022, because his counsel has a potential scheduling conflict with a trial in another jurisdiction. *See id.* at 1–2; ECF No. 74 at 1–2.

As for the first request, the Court will deny it. This Circuit's "well established procedure" is to refuse "pre-voir dire requests for a continuance" based on pretrial publicity and its alleged effects on a defendant's right to an impartial jury. *United States v. Haldeman*, 559 F.2d 31, 60-64

(D.C. Cir. 1976) (en banc) (per curiam).  This is because, ordinarily, the "proper occasion" to determine "whether it is possible to select a fair and impartial jury . . . is upon the voir dire examination." *Jones v. Gasch*, 404 F.2d 1231, 1238 (D.C. Cir. 1967) (internal quotation marks omitted).  The Court sees no reason to depart from this well-established procedure here.  For one, the only source of potential prejudice to Defendant's right to an impartial jury *in September* that he identifies is the Select Committee's hearings, because the trial will be completed well before the mid-term elections and the release of the Select Committee's report.  And as for the potential prejudice to Defendant flowing from the hearings, if such prejudice in fact exists—a dubious proposition given Defendant's non-specific assertions on this point—and means that "an impartial jury actually cannot be selected, that fact should become evident at the voir dire."  *See Haldeman*, 559 F.2d at 59, 63 (affirming the denial of a motion for continuance despite the "extraordinarily heavy coverage in both national and local news media" that the defendants' actions received).  Thus, a continuance on this basis is not warranted, at least now.  *Accord United States v. Williams*, No. 21-cr-377 (BAH) (D.D.C. June 23, 2022), ECF No. 108 at 1-3.

As for the second request—to continue the start of the trial for two days—the Court will hold it in abeyance to discuss it with the parties at the August 26, 2022 pretrial conference and motions hearing.  *See* ECF No. 59 at 1; Minute Entry of May 24, 2022.

For these reasons, it is hereby **ORDERED** that Defendant's Motion to Continue Trial Date, ECF No. 72, is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**.

**SO ORDERED.**

                                                             /s/ Timothy J. Kelly
                                                             TIMOTHY J. KELLY
                                                             United States District Judge

Date: August 2, 2022