**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 21-cr-6 (TJK)** |
| | : | |
| **v.** | : | |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's February 11, 2022 Scheduling Order (ECF No. 59), the parties hereby propose the following jury instructions, subject to issues that arise during trial. As set forth below, the parties have proposed jury instructions for the lesser included offenses for the following counts:

- Count Four: Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. § 1752(a)(1) and (b)(1)(A)).

- Count Five: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. § 1752(a)(2) and (b)(1)(A)).

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate, based on the developments at trial.

**A. Jointly Proposed Instructions**

1. Definitions: Stipulation of Fact, Redbook 1.103(A)

2. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

3. Function of the Court, Redbook 2.101

4. Function of the Jury, Redbook 2.102

1

5.      Jury's Recollection Controls, Redbook 2.103

6.      Evidence in the Case, Redbook 2.104

7.      Statements of Counsel, Redbook 2.105

8.      Indictment Not Evidence, Redbook 2.106

9.      Burden of Proof, Redbook 2.107

10.     Reasonable Doubt, Redbook 2.108

11.     Direct and Circumstantial Evidence, Redbook 2.109

12.     Nature of Charges Not to Be Considered, Redbook 2.110

13.     Number of Witnesses, Redbook 2.111

14.     Inadmissible and Stricken Evidence, Redbook 2.112

15.     Credibility of Witnesses, Redbook 2.200

16.     Police Officer's Testimony, Redbook 2.207

17.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.909, *as applicable*

18.     Statements of the Defendant – Substantive Evidence, Redbook 2.305

19.     Transcripts of Tape Recordings, Redbook 2.310

20.     Proof of State of Mind, Redbook 3.101

21.     Aiding and Abetting, Redbook 3.200

22.     <u>Count One:</u> Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3) [see proposal below]

   a.   Elements

   b.   Definitions

   c.   Attempt

23.     <u>Count Two</u>: Obstruction of an Official Proceeding, 18 U.S.C. §§ 1512(c)(2) and 2 [see proposal below]

2

        a.  Elements

        b.  Definitions

        c.  Attempt

        d.  Aiding and Abetting

24.   <u>Count Three</u>: Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) [see proposal below]

        a.  Elements

        b.  Definitions

25.   <u>Count Four:</u> Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) [see proposal below]

        a.  Elements

        b.  Definitions

26.   <u>Count Five</u>: Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) [see proposal below]

        a.  Elements

        b.  Definitions

27.   <u>Count Six</u>: Violent Entry or Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

        a.  Elements

        b.  Definitions

28.   <u>Count Seven</u>: Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

        a.  Elements

        b.  Definitions

29.   Where Jury is to be Charged on a Lesser Included Offense of a Count in an Indictment, Redbook 2.401

30.   Multiple Counts – One Defendant, Redbook 2.402

31.     Unanimity—General, Redbook 2.405

32.     Verdict Form Explanation, Redbook 2.407

33.     Redacted Exhibits, Redbook 2.500, *as applicable*

34.     Exhibits During Deliberations, Redbook 2.501

35.     Selection of Foreperson, Redbook 2.502

36.     Possible Punishment Not Relevant, Redbook 2.505

37.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

38.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

39.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

40.     Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 22(a)**

**OBSTRUCTING OFFICERS DURING A CIVIL DISORDER - ELEMENTS[1]**
(18 U.S.C. § 231(a)(3))

Count One charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with Officer Eugene Goodman an officer from the United States Capitol Police.

Second, at the time of the defendant's actual or attempted act, Officer Eugene Goodman was engaged in the lawful performance of his official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

---

[1]    18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81).  For other January 6 trials that have used this instruction, see *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 16), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 32).

**Proposed Jury Instruction No. 22(b)**

## OBSTRUCTING OFFICERS DURING A CIVIL DISORDER – DEFINITIONS

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[2]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[3]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[4]

The term "department" includes executive departments.[5]  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

For the U.S. Capitol Police, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

---

[2]     18 U.S.C. § 232(1) (defining "civil disorder").

[3]     Modified definition of 18 U.S.C. § 232(2) from jury instructions *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).  For other January 6 trials that have used this instruction, see *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 16), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 24).

[4]     18 U.S.C. § 232(3) (defining "federally protected function").

[5]     18 U.S.C. § 6 (defining "department"); 5 U.S.C. § 101 (Department of Homeland Security is an Executive Department).

**Proposed Jury Instruction No. 22(c)**

## OBSTRUCTING OFFICERS DURING A CIVIL DISORDER – ATTEMPT[6]

In Count One, the defendant is charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to commit obstructing officers during a civil disorder is a federal crime even though the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find the defendant guilty of attempt to commit obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the crime.  However, the substantial

---

[6]     Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Proposed Instruction No. 23(a)**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING – ELEMENTS[7]**
(18 U.S.C. § 1512(c)(2))

Count Two of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.  Count Two also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions.  Then, the Court will explain how to determine whether the defendant attempted the offense an whether the defendant aided and abetted the offense.

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

---

[7]     18 U.S.C. § 1512(c)(2).  For other January 6 trials that have used this instruction, see *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 11-12), *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF 119 at 25), and *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 7), *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 24), and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 7).

**Proposed Instruction No. 23(b)**

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – DEFINITIONS

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Two, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote.[8]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[9]

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person

---

[8]      18 U.S.C. § 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1). For a holding that Congress' Joint Session to certify the Electoral College vote on January 6, 2021 was an "official proceeding," see *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *4-6 (D.D.C. Dec. 28, 2021). For the assertion that the proceeding need not be pending, see 18 U.S.C. § 1512(f)(1). For the nexus requirement (that the official proceeding be reasonably foreseeable), see *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 and 1515(a)(1). For other January 6 trials that have used this instruction, see *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), and *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7).
[9]      *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[10]

---

[10] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11-13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022). For other January 6 trials that have used this instruction, see *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29).

**Proposed Instruction No. 23(c)**

**OBSTRUCTION OF AN OFFICIAL PROCEEDING – ATTEMPT**[11]

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took

---

[11]     Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official

proceeding.  However, the substantial step element does not require the government to prove that

the defendant did everything except the last act necessary to complete the crime.

**Proposed Instruction No. 23(d)**

**<u>OBSTRUCTION OF AN OFFICIAL PROCEEDING – AIDING AND ABETTING</u>**[12]

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding,

---

[12] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in

the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Two if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted the obstruction of an official proceeding.  Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Two, and you need not consider whether he committed the offense of obstruction of an official proceeding in the other two ways.

Proposed Instruction No. 24(a)

## ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS – ELEMENTS[13]
### (18 U.S.C. § 111(a)(1))

Count Three of the Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law.

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, you must find the following four elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Eugene Goodman, an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer Eugene Goodman was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count Two.

---

[13]     *See United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 13).

**Proposed Instruction No. 24(b)**

**ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS – DEFINITIONS**

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.[14]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury.  In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that Officer Eugene Goodman is an officer of the United States Capitol Police and that it was a part of the official duty of such officer to protect the U.S. Capitol complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex.  It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

---

[14]     Tenth Circuit Pattern Criminal Jury Instructions (2021), § 2.09.

## Proposed Instruction No. 25(a)

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON – ELEMENTS[15]
### (18 U.S.C. § 1752(a)(1), (b)(1)(A))

Count Four of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, while carrying a deadly or dangerous weapon, which is a violation of federal law. I am going to instruct you on this charge and also on the lesser included offense of entering or remaining in a restricted building or grounds. After I give you the elements of these crimes, I will tell you in what order you should consider them.

In order to find the defendant guilty of entering or remaining in a restricted building or grounds while carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant did so knowingly.

Third, that the defendant carried a deadly or dangerous weapon during and in relation to the offense.

### Lesser Included Offense

In order to find the defendant guilty of entering or remaining in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

---

[15] *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 19).

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, that the defendant did so knowingly.

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while carrying a deadly or dangerous weapon. If you find the defendant guilty, do not go to the other charge. If you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a deadly or dangerous weapon, you are not able to do so, you are allowed to consider the lesser included charge.

This order will be reflected in the verdict form that I will be giving you.

Proposed Instruction No. 25(b)

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON – DEFINITIONS**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count Two.

The last element the government must prove beyond a reasonable doubt is that the defendant carried a deadly or dangerous weapon during and in relation to the offense. Whether the object specified in the indictment, that is, a knife, is a deadly or dangerous weapon depends on the facts of the particular case. It is for you to decide, on the facts of this case, whether the folding knife allegedly carried by the defendant was, in fact, a deadly or dangerous weapon.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. The defendant need not have actually used the object in that manner.[16]

---

[16]    *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc); *United States v. Chansley*, 525 F. Supp. 3d 151, 162 (D.D.C. 2021).

Proposed Instruction No. 26(a)

**DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON – ELEMENTS**[17]
(18 U.S.C. § 1752(a)(2), (b)(1)(A))

Count Five of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while carrying a deadly or dangerous weapon, which is a violation of federal law.  I am going to instruct you on this charge and also on the lesser included offense of disorderly or disruptive conduct in a restricted building or grounds.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds while carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, that the defendant carried a deadly or dangerous weapon during and in relation to the offense.

Lesser Included Offense

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous

---

[17]     18 U.S.C. § 1752.

22

weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds while carrying a deadly or dangerous weapon.  If you find the defendant guilty, do not go to the other charge.  If you find the defendant not guilty, go on to consider whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds.  And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a deadly or dangerous weapon, you are not able to do so, you are allowed to consider the lesser included charge.

This order will be reflected in the verdict form that I will be giving you.

**Proposed Instruction No. 26(b)**

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS WITH A DEADLY OR DANGEROUS WEAPON – DEFINITIONS

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process. [18]

The terms "restricted building," "knowingly," and "deadly or dangerous weapon" have the same meanings as described in the instructions for Count Four.

---

[18]      Redbook 6.643.

**Proposed Instruction No. 27(a)**

<u>**VIOLENT ENTRY OR DISORDERLY CONDUCT IN A CAPITOL BUILDING –
ELEMENTS**[19]</u>
(40 U.S.C. § 5104(e)(2)(D))

Count Six of the Indictment charges the defendant with violent entry and disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

---

[19]    40 U.S.C. § 5104.

**Proposed Instruction No. 27(b)**

## <u>VIOLENT ENTRY OR DISORDERLY CONDUCT IN A CAPITOL BUILDING –<br>DEFINITIONS</u>

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[20]

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Five defining "disorderly conduct" and "disruptive conduct."

The "orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College vote from the 2020 presidential election.[21]

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[22]

The term "knowingly" has the same meaning described in the instructions for Count Two.

---

[20]   40 U.S.C. § 5101.
[21]   *See United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 11).
[22]   *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Proposed Instruction No. 28(a)**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING –
ELEMENTS[23]**
(40 U.S.C. § 5104(e)(2)(G))

Count Seven of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, that the defendant acted willfully and knowingly.

---

[23]   40 U.S.C. § 5104.

**Proposed Instruction No. 28(b)**

## PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING – DEFINITIONS

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[24]

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts Two and Six.

---

[24]     *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).