# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DOUGLAS AUSTIN JENSEN,<br><br>    *Defendant*. | Criminal Action No. 21-6 (TJK) |

### COURT'S PROPOSED VOIR DIRE

1. In this case, the Indictment charges the defendant, Douglas Austin Jensen, with violating seven separate federal criminal laws based on his presence inside the U.S. Capitol on January 6, 2021. Specifically, the Indictment alleges that Mr. Jensen interfered with Congress's meeting to certify the results of the 2020 presidential election; that he obstructed and interfered with, and that he resisted, opposed, impeded, and intimidated United States Capitol Police Officer Eugene Goodman; that he unlawfully entered and engaged in disorderly and disruptive conduct inside the U.S. Capitol building while carrying a knife; and that he engaged in disorderly conduct and paraded, demonstrated, and picketed inside the U.S. Capitol building. Does anyone know Mr. Jensen?

2. During this trial you will hear about some of the events at the United States Capitol on January 6, 2021. Were you, any member of your immediate family, or a close personal friend present at the U.S. Capitol on January 6, 2021?

3. Do you, any member of your immediate family, or a close personal friend live or work near or have any special familiarity with the immediate area of the U.S. Capitol?

4. Have you watched any video of what happened at the U.S. Capitol on January 6, 2021 in the news or on the internet?

5.  Have you been following the investigation of the events of January 6, 2021 at the U.S. Capitol in the news or on the internet?

6.  I will be instructing the jury that it may consider only evidence that was properly admitted in this case, and the law as I instruct it, and not anything jurors may have seen or heard outside this courtroom about the events at the U.S. Capitol on January 6, 2021.  Is there any reason it would be difficult for you to set aside whatever you may have seen or heard and whatever feelings or opinions you have about that, to follow my instructions, and to be a fair juror in this case?

7.  The government is represented in this case by Assistant U.S. Attorneys Emily Allen and Hava Mirell, and they are being assisted by paralegal Kyle Clements.  The defendant is represented by attorney Christopher Davis.  Do you know any of these people?

8.  The government may call the following witnesses during the trial: (List will be provided by government counsel).  The defense is not obligated to call any witnesses.  However, the following additional witnesses may be called during the trial (list to be provided by defense counsel).  Do you know any of these people?

9.  [The next three questions relate to you, members of your immediate family, and close personal friends.]  Does anyone in that group now work for or with, or has anyone in that group ever worked for or with, any law enforcement agency?  This includes any police department in or outside the District of Columbia, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, U.S. Capitol Police, U.S. Park Police, the FBI, Department of Justice, Department of Homeland Security, sheriffs' departments, U.S. Secret Service, or any other law enforcement agency.

10. Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

11. Has any member of that group ever been investigated for, arrested for, charged with, or convicted of a crime, or been a victim of or witness to a crime?

12. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness works in law enforcement. Do you have such strong feelings about law enforcement—either positive or negative—that it would be difficult for you to follow this instruction or be a fair juror in the case?

13. The defendant has entered a plea of not guilty to all the charges. In a criminal case, a defendant is presumed innocent unless and until the government proves her guilt beyond a reasonable doubt. Will you have any difficulty accepting or applying this rule of law?

14. If you are selected as a juror and hear this case, you will be required to deliberate with 11 other jurors. This will require you to discuss the evidence and the law in this case with the 11 other jurors. Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussion with others?

15. Do you know anyone else on the jury panel?

16. Have you previously served on a grand jury or a trial jury? If so, is there anything about that experience that would affect your ability to be a fair and impartial juror in this case?

17. Do you have a hearing problem such that it would make it difficult for you to hear testimony, or an eyesight problem that would make it difficult for you to view or read evidence, or any other medical condition that would make it difficult for you to serve as a juror?

18. Are you presently taking any medication that might cause drowsiness or experiencing any other physical or mental condition that might in any way affect your ability to give your full attention to this case?

19. Do you have any difficulty understanding the English language?

20. This trial should last about a week. Would serving as a juror in this case be an extreme hardship to you?

21. My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. For example, perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case, based on the evidence you hear and the law as I instruct you?