**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-6 (TJK)** |
| **v.** | : | |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT EXHIBITS 509 AND 525

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order affirming the admissibility of Government Exhibits 509 and 525 under Federal Rule of Evidence 403.  The short exhibits[1] depict separate altercations that two government witnesses – United States Capitol Police ("USCP") Eugene Goodman and USCP Inspector Thomas Loyd – had with rioters outside the Capitol building just minutes before encountering defendant Douglas Jensen inside the building.  As explained in greater detail below, these altercations informed the witnesses' response to Jensen and provide additional context for why officers in the Ohio Clock Corridor, who had previously been attacked outside the Capitol building, reasonably feared pain, bodily harm, or death from Jensen and the group of rioters he led inside the Capitol.  Furthermore, both exhibits are relevant to establishing the existence of the requisite "civil disorder" for purposes of Count One, and to showing the environment and circumstances at the Capitol for the purpose of evaluating whether Jensen's conduct was "disorderly and disruptive" for purposes of Counts Five and Six.  The exhibits are very brief and provide a relatively modest depiction of the violence that was

---

[1] The exhibits have been filed electronically with the Court and are incorporated fully herein.

perpetrated against police officers on January 6, 2021, particularly when compared with other more aggressive and violent video that is available regarding the violence at the Capitol.

## BACKGROUND

Defendant is charged with, among other offenses, obstructing USCP Officer Eugene Goodman incident to and during the commission of a civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One), assaulting, resisting, opposing, impeding, and intimidating Officer Goodman, in violation of 18 U.S.C. § 111(a)(1) (Count Two); disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2), (b)(1)(A); and violent entry or disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D).

For Count One, the government must prove beyond a reasonable doubt that there existed a "civil disorder" on January 6, 2021, and that the defendant obstructed, impeded, and interfered with Officer Goodman incident to and during that civil disorder. The term "civil disorder" is defined as "any public disturbance involving acts of violence by groups of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). The logical and direct manner of proving this essential element is through footage of the violent acts committed by the defendant's fellow rioters on January 6, 2021.

For Count Two, the government must show that the defendant forcibly resisted, opposed, impeded, intimidated, and/or interfered with Officer Goodman. The "force" element may be satisfied by proof of actual physical contact, or by proof of such a threat or display of physical

aggression toward the officer as to inspire fear of pain, bodily harm, or death.  *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995).

For Counts Five and Six, the government must show that the defendant acted in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, that he used words likely to produce violence on the part of others, that he was unreasonably loud and disruptive under the circumstances, that he interfered with another person by jostling against or unnecessarily crowding that person, or that he participated in a disturbance that interrupted an event, activity, or the normal course of a process.

To establish these elements, the government intends to offer testimony from Officer Goodman and Inspector Loyd.  The government anticipates that these witnesses will testify about their experiences both outside and inside the Capitol Building, before and after the building was breached at 2:13 p.m.  Both officers' testimony will focus primarily on their direct encounters with the defendant in the Senate wing of the Capitol Building.  In addition, both witnesses will testify about their first-hand knowledge of the civil disorder that erupted across the entire Capitol and grounds, and that led to the rioters' violent breach of the Capitol building and their pursuit of Officer Goodman to the Ohio Clock Corridor.

Exhibit 509 is a 41-second open-source video that depicts rioters clashing with USCP officers on the northwest staircase outside the Capitol building.  Approximately 41 seconds into the video, Officer Goodman can be seen on the staircase landing, wearing a light blue face mask and a peaked cap.  Two seconds later, Officer Goodman is pepper sprayed in the face by a rioter standing atop the banister, as depicted in the photograph below.  Officer Goodman will testify that

following this incident, he went inside to the triage area for care, where he rinsed his eyes and vomited before re-entering the battle to protect the Capitol.



Based on USCP surveillance footage, it appears that this spraying incident occurred at approximately 1:55 p.m., less than ten minutes before Jensen arrived at the northwest staircase, and less than twenty minutes before Officer Goodman encountered Jensen inside the Capitol building.  While Jensen would not have witnessed this spraying incident, he did witness these same rioters clashing with USCP officers at this precise location and committing similar acts of violence against police.  In fact, after scaling the wall of this very staircase, Jensen was part of the group that overran the police on the staircase landing and again at the top of the stairs, leading to the breach of the Upper West Terrace and the window to the Capitol building.

Exhibit 525 is a 25-second clip from an open-source video that shows rioters trying to dismantle and level the bike-rack barricade on the Lower West Plaza.  As rioters push and pull on the bike rack, various officers try to pepper spray the rioters and push them away from the barricade.  Approximately ten seconds into the video, Inspector Loyd, circled in red below, can be seen running up to the barricade to defend it from the attacking rioters.  Jensen would not have seen this incident as this occurred on the Lower West Plaza at a time before he approached the

grounds, and the government will make no suggestion that the defendant observed this particular

encounter.  According to Inspector Loyd, soon after this altercation, he went inside the Capitol

Building and encountered Jensen inside the Ohio Clock Corridor.



## <u>ANALYSIS</u>

Relevant evidence is admissible under Rule 403 unless its probative value is substantially

outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  The Rule 403 balancing test

"focuses on 'unfair prejudice' or prejudice that is 'compelling or unique,'" *United States v.

Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073,

1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis,"

*United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403, Advisory

Committee Notes, 1972 Proposed Rules).

Rule 403 "'tilts, as do the rules as whole, toward the admission of evidence in close cases.'"

*United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002) (quoting *United States v. Moore*, 732

F.2d 983, 989 (D.C. Cir. 1984)).  In performing the balancing test required under Rule 403, "it is

a sound rule that the balance should generally be in favor of admission when the evidence indicates a close relationship to the event charged." *Id.* (quotation marks and citation omitted).

Exhibits 509 and 525 are short clips that offer a fair and modest depiction of a small portion of the chaos that occurred on January 6. Both exhibits are relevant to establishing the existence of a civil disorder at the U.S. Capitol on January 6, 2021 and to establishing why Jensen's conduct was unreasonably loud and disruptive under the circumstances that day. Furthermore, both exhibits are relevant to establishing the officers' state of mind when they encountered the defendant shortly thereafter inside the Ohio Clock Corridor. Officer Goodman's and Inspector Loyd's experiences in the minutes leading up to their encounter with Jensen are relevant to establishing why reasonable officers in their position – that is, officers who, minutes prior, were physically attacked and pepper sprayed by rioters – would have reasonably feared pain, bodily injury, or death from Jensen and the rioters with him who had violently and unlawfully breached the Capitol.

Because the exhibits do not depict the defendant himself, there is little, if any, prejudice to him, and the prejudice would by no means be unfair. In sum, the defendant personally witnessed similar violence against police officers at the same location, and then proceeded to scale the wall to join the rioters in moving past the officers, endorsed the rioters' violence and shouted for them to storm the building, witnessed rioters shatter windows with weapons before jumping through those windows, deliberately positioned himself at the front of the mob of rioters inside the building, menacingly chased an officer inside the building, entered the Capitol building a second time after witnessing rioters violently clash with and assault officers inside the East Rotunda doors, and spent over an hour and a half witnessing rioters assault police. In light of this context, he cannot contend that the additional minute of footage in Exhibits 509 and 525 showing clashes between rioters and

law enforcement, which provides critical context to two witnesses' testimony, is unfairly prejudicial.

Therefore, the government respectfully requests that the Court issue an order affirming the admissibility of Government Exhibits 509 and 525.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Hava Mirell*
HAVA MIRELL
EMILY W. ALLEN
Assistant United States Attorneys
601 D Street, N.W.
Washington, DC 20530
hava.mirell@usdoj.gov
(213) 894-0717
emily.allen@usdoj.gov
(907) 271-4724