UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 21cr0006 (TJK)** |
| | : | |
| **DOUGLAS AUSTIN JENSEN,** | : | |
| Defendant. | : | |

### DEFENSE RESPONSE TO GOVERNMENT
### MOTION TO ADMIT TWO VIDEOS

Douglas Jensen, by his undersigned counsel, hereby respectfully opposes the admission of two violent video clips offered by the government as Exhibits 509 and 525. He states the following in support of this motion.

1. The government seeks admission of Exhibits 509 and 525. These two videos capture violent clashes between law enforcement and protesters at the U.S. Capitol on January 6, 2021. Mr. Jensen is neither in the group of protesters nor are they within his eyesight during this violent confrontation.

2. Mr. Jensen submits that these videos are not relevant to his trial. Jensen engaged in no violent acts against law enforcement on January 6. Even if there were an argument that these videos are marginally relevant (which the defense does not concede), the evidence would be *unfairly* prejudicial and cumulative of other evidence in the government's previously disclosed trial exhibits.

3. The defendant did not object to Government's Motion in Limine to Preclude Improper Evidence of Police Interactions with Others (Dkt. #70), with the understanding that the government would not seek to introduce improper acts

of others against law enforcement if Jensen was not involved nor within eyesight of the incidents. Jensen made this representation at the motions hearing held on August 26, 2022. However, this is precisely what they now seek to admit against Mr. Jenson, violent acts by others that he was not a party to or even aware.

**Fed. R. Evid. 401**

    4. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable…and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here this evidence simply fails to accomplish either of the stated preconditions for a finding of relevancy. Jenson was neither a participant in any of the actions captured by Gov. Exhibits 509 and 525, nor was he within eyesight of these events.

    5. The United States has argued that Count One, Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3), requires proof of an ongoing civil disorder. This argument is without merit. In the first instance, the evidence will not establish that Jensen participated in or was even aware of the violent acts that Gov. Exhibits 509 and 525 depict. In the second instance, there are a number of government video exhibits, featuring Jensen, that arguably depict what could be characterized as a civil disorder.

    6. The United States also argues that the two violent videos in question establish the officers *state of mind* when they meet Jensen in nonviolent circumstances. This argument also fails. Jensen's state of mind is at issue. And even if the officer's state of mind has some semblance of relevancy (which Jensen does not concede) the officers can testify to their experiences without displaying

videos of violent encounters, not involving Jensen, to the jury. Displaying these videos will have a powerful impact on the jury, creating an aura of violent attacks and unfairly associating Jensen with those attacks.

**Fed. R. Evid. 403**

7. Relevant evidence is admissible under Rule 403 unless its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The Rule 403 balancing test "focuses on 'unfair prejudice' or prejudice that is 'compelling or unique,'" *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403, Advisory Committee Notes, 1972 Proposed Rules).

8. This Court may exclude relevant evidence if its probative value is *substantially outweighed by a danger of* one or more of the following: *unfair prejudice*, confusing the issues, misleading the jury, undue delay, wasting time, or *needlessly presenting cumulative evidence*. Fed. R. Evid. 403. Gov. Exhibits 502, 504 and 510, are just a few of the government video exhibits that *Jensen is captured on* which could be portrayed as capturing a civil disorder.[1] The two exhibits that the government now seeks to admit are *unfairly prejudicial and cumulative* of other relevant evidence the government intends to introduce. These two exhibits capture dangerous violent attacks on law enforcement - acts Jensen

---

[1] The referenced exhibits have been uploaded to USAfx and shared with the Court and the United States.

cannot be shown to have participated in, or for that matter, was even aware of on January 6, 2021. Mr. Jensen should not be associated with this violent activity nor should it be paraded before a jury.

WHEREFORE, Mr. Jenson moves this Honorable Court to preclude the admission of Gov. Exhibits 509 and 525.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Counsel for Douglas Jensen
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of record via the Court's CM/ECF System on this day of 10th September 2022.

_____/s/_____
Christopher M. Davis