UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-6 (TJK) |
| v. : | |
| : | |
| DOUGLAS AUSTIN JENSEN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT EXHIBIT 383**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court issue an order affirming the admissibility of Government Exhibit 383 under Federal Rule of Evidence 403. Defense counsel informed undersigned counsel of his Rule 403 objection to this exhibit on Friday afternoon, September 16, 2022.

Exhibit 383 is a Facebook conversation from late December 2020 in which Jensen and an associate identified as "Kurtis" discuss what they expect to happen in Washington, D.C. on January 6, what they plan to pack, and how they plan to travel there. As part of this conversation, Jensen and Kurtis discuss their plans to bring firearms—including, specifically, pistols and assault rifles—to the January 6 rally in D.C. This evidence is highly relevant to Jensen's intent because it shows his expectations surrounding the events of January 6, including his understanding that there could be violence.

**BACKGROUND**

In the weeks leading up to January 6, Jensen and Kurtis messaged each other about their plans to travel to D.C., including how they would get there, who they planned to travel with, what they planned to pack, and what their expectations were for the day itself. *See* Exhibit 1 (Redacted

Government Exhibit 383). Specifically, on December 26, 2020, Jensen told Kurtis, "I'm going to DC on the 6th. I better find you there," to which Kurtis responded, "I'm trying to arrange a convoy of sorts, 3 miles apart, don't need sum'n like what happened up North !!!" *Id.* at 2. Jensen then informed Kurtis that he was planning to drive his GMC Acadia to D.C., and that he had already committed to taking three individuals, but that his car could seat seven. *Id.* Kurtis responded, "I might take you up on that, worried my CCL isn't good in DC." *Id.* ("CCL" is commonly-used shorthand for a concealed carry license.) Jensen then asked Kurtis, "So what," and Kurtis replied, "And an AR, that's the reason for the caravan. They got those southern's in Michigan, going after the gov." *Id.* at 3. (An "AR" is generally understood to mean an assault rifle.)

Fifteen minutes later, Jensen messaged Kurtis, "It's time…" and Kurtis replied, "Everyone packing heavy?" Jensen responded: "No but locked and loaded." *Id.* Kurtis immediately followed up: "Pistols?" Jensen confirmed: "Yes." When Kurtis told Jensen that pistols wouldn't be enough, Jensen told Kurtis, "There's going to be millions of us." *Id.* at 4.

Kurtis went on to tell Jensen, "Oh yea, but have to get there," and Jensen said, "That won't be a problem." Kurtis suggested, "[s]everal vehicles with walkies they can only get one," to which Jensen replied: "Ok just let me know what you want to do. I can get walkies but there will be so many Patriots and the military protecting us. Also have the armor of God." *Id.* at 4-5.

On December 28, 2020, as their conversation went on, Kurtis asked Jensen how many seats in his GMC Acadia were left because he had at "at least one if not more" who wanted to go to D.C. Jensen told Kurtis that he would have to check with a couple people first. *Id.* at 8. Kurtis then informed Jensen that he was "going heavy," and asked if anyone in Jensen's car needed "a rifle and ammo." Jensen replied: "Possibly I'll let you know." *Id.*

## ANALYSIS

Jensen came to Washington, D.C., on January 6 to stop the certification of the 2020 Presidential election. Among other crimes, he is charged with obstruction of the Joint Session of Congress, in violation of 18 U.S.C. § 1512(c)(2), and assaulting a law enforcement officer inside the U.S. Capitol, in violation of 18 U.S.C. § 111(a). To commit his crimes, he joined a large and violent mob that pushed past multiple barricades, assaulted police lines and ignored their commands, climbed walls, broke doors and windows, unlawfully entered the Capitol itself, and attempted to physically halt the certification.

Evidence of Jensen's preparations for, and his state of mind, in the lead-up to his trip to the Capitol on January 6 are directly relevant to the crimes charged. In order to establish why Jensen came to Washington D.C. on January 6, what his expectations were for the day, why he decided to enter and remain inside the U.S. Capitol Building, and why he felt emboldened to chase a U.S. Capitol Police Officer up a flight of stairs with a crowd and then demand that other U.S. Capitol Police officers in the Ohio Clock Corridor stand down, it is important to understand his state of mind leading up to January 6. His own statements make clear that he did not intend to simply attend a peaceful political protest. Jensen clearly believed that other rioters would be armed, that the rioters would outnumber police, and that the military would be protecting the rioters. These messages also show that Jensen expected, and prepared for, violence on January 6. Indeed, although there is no further evidence that he brought firearms to D.C., it is an undisputed fact that Jensen carried a knife with him to the U.S. Capitol.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Jensen's own statements and

conversations as he planned for his trip to the Capitol on January 6 are directly relevant to his intent and are therefore admissible. Relevant evidence is admissible under Rule 403 unless its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The Rule 403 balancing test focuses on "unfair prejudice," or prejudice that is "compelling or unique," *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403, Advisory Committee Notes, 1972 Proposed Rules). "Unfair prejudice as used in Rule 403 is not to be equated with [evidence] simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair." *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002) (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) (alterations omitted)).

Rule 403 "'tilts, as do the rules as a whole, toward the admission of evidence in close cases.'" *Id*. at 795 (quoting *United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984)). The Rule 403 balance "should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged," as is the case here. *Id*. (quotation marks and citation omitted).

Rule 403 "does not bar powerful, or even 'prejudicial' evidence." *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) (internal quotation marks omitted). Rather, to warrant exclusion under Rule 403, the prejudice to the defendant must be unfair, and the defense must show "compelling or unique" evidence of prejudice. *Id*. Here, there is no unfair prejudice, especially because the government does not intend to argue or suggest that the defendant had a firearm on him inside the U.S. Capitol or that he brought a firearm with him to Washington, D.C.

4

To the extent that there may be any concern that the jury could use the evidence for an improper purpose, the remedy is not to exclude highly relevant evidence but to mitigate this concern with a limiting instruction to the jury.  *See*, *e.g.*, *United States v. Moore*, 651 F.3d 30, 96 (D.C. Cir. 2011) (finding that limiting instructions to a jury can cure any risk of prejudice).  As such, this Court should affirm the admissibility of Government Exhibit 383.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052

By: /s/ *Hava Mirell*
    HAVA MIRELL
    EMILY W. ALLEN
    Assistant United States Attorneys
    601 D Street, N.W.
    Washington, DC 20530
    hava.mirell@usdoj.gov
    (213) 894-0717