UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CRIMINAL NO. 21cr0006 (TJK) |
| | : |
| **DOUGLAS AUSTIN JENSEN,** | : |
| Defendant. | : |

**DEFENSE RESPONSE TO GOVERNMENT
MOTION TO ADMIT TEXT MESSAGE**

Douglas Jensen, by his undersigned counsel, hereby respectfully opposes the admission Government Exhibit 383, a text exchange alleged to have been made between Mr. Jenson and another person approximately a week and a half before January 6, 2021. He states the following in support of this motion.

1. The government seeks admission of Exhibit 383, a text colloquy alleged to have occurred between Jensen and another individual. The other individual does not appear on the Government's list of witnesses.

2. Mr. Jensen submits that text exchange is not relevant for it discusses events that never actually occurred. The text colloquy is unfairly prejudicial because it suggests that Mr. Jenson preplanned to come to Washington on January 6 with a caravan of people who would be armed with pistols and rifles.  Neither of these events occurred.

**Fed. R. Evid. 401**

3. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable…and the fact is of consequence

in determining the action." Fed. R. Evid. 401. Here this evidence does not make any fact of consequence probable. Jensen neither travelled to Washington with a caravan of people nor did he or his sole passenger (who did not go to the Capital after the rally) bring pistols or rifles with them.  Furthermore, absent direct testimony, this isolated text colloquy, alleged to have occurred between Jensen and another man, calls for speculation as to the meaning of the exchange. Perhaps most importantly, none of the events described in the text colloquy occurred on January 6 and this is where the problem lies, it unfairly suggests prejudicial facts that simply never occurred.

**Fed. R. Evid. 403**

4. Relevant evidence is admissible under Rule 403 unless its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The Rule 403 balancing test "focuses on 'unfair prejudice' or prejudice that is 'compelling or unique,'" *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403, Advisory Committee Notes, 1972 Proposed Rules).

5. This Court may exclude relevant evidence if its probative value is *substantially outweighed by a danger of* one or more of the following: *unfair prejudice*, confusing the issues, *misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Gov.

6. Exhibit 383 is *unfairly prejudicial and misleads the jury*. This exhibit creates the impression that Jensen arrived in Washington, with others who travelled with him, all armed with guns. These are acts Jensen cannot be shown to have participated in or, for that matter, ever seriously considered. At best, if a jury concludes Jensen was a participant in this text colloquy, these texts amount to puffery. However, it colors the facts that did occur with an aura of violence, for which there is no evidence. Admission of this exhibit could unfairly push a jury to conclude he came to Washington with a number of other armed people (the one person that travelled with Jensen is not on the governments witness list) to engage in violence.

7. In the event this Court allows admission of this exhibit, Jenson also objects to any argument based on speculation of what various phrases used during this text exchange means.

WHEREFORE, Mr. Jenson moves this Honorable Court to preclude the admission of Gov. Exhibit 383.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Counsel for Douglas Jensen
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served upon all counsel of

record via the Court's CM/ECF System on this day of 17th September 2022.

                                                             /s/
                                      Christopher M. Davis