## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

Criminal Action No. 21-6 (TJK)

DOUGLAS AUSTIN JENSEN,

*Defendant.*

## MEMORANDUM ORDER

The Government moves in limine for an order deeming admissible Government Exhibits 509 and 525. *See* ECF No. 81. These two exhibits are videos, each less than one minute long, that depict Officer Eugene Goodman and U.S. Capitol Police Inspector Thomas Loyd in separate interactions with rioters outside the Capitol on January 6, 2021, shortly before they encountered Defendant inside the Capitol. *See id.* Defendant opposes their admission, arguing that they are not relevant under Federal Rule of Evidence 401 and that, even if relevant, their probative value is substantially outweighed by a danger of unfair prejudice and of the needless presentation of cumulative evidence under Federal Rule of Evidence 403. *See* ECF No. 83. These videos are relevant under Rule 401, and the balancing required by Rule 403 favors their admission, so the Court will grant the Government's motion in limine, subject to the Government laying the proper foundation for their admission at trial.

Under Rule 401, evidence is "relevant" if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." These videos tend to make at least one consequential fact more probable than

it would be without the evidence—whether Defendant's alleged actions on January 6 would have caused a reasonable person in Officer Goodman's and Inspector Loyd's shoes to fear bodily harm.

In Count Three of the operative indictment, Defendant is charged with "forcibly" assaulting Officer Goodman under 18 U.S.C. § 111(a)(1).  *See* ECF No. 50 at 2.  In Count Five, he is charged with "disorderly . . . conduct" inside the Capitol under 18 U.S.C. § 1752(a)(2).  *See* ECF No. 50 at 3.  In Count Six, he is charged with "disorderly . . . conduct" inside the Capitol under 40 U.S.C. § 5104(e)(2)(D).  *See* ECF No. 50 at 3–4.  Under § 111(a)(1), the "force" element may be satisfied "by proof of 'such a threat or display of physical aggression toward the officer to inspire fear of pain, bodily harm, or death.'"  *United States v. Schrader*, 10 F.3d 1345, 1348 (8th Cir. 1993) (quoting *United States v. Walker*, 835 F.2d 983, 987 (2d Cir. 1987)).  The "standard for determining whether the requisite degree of force was displayed . . . is an objective one, *i.e.*, whether the defendant's behavior would reasonably have inspired fear in a reasonable person."  *Walker*, 835 F.2d at 987.  Similarly, to prove disorderly conduct under § 1752(a)(2) and § 5104(e)(2)(D), the Government can show that Defendant acted "in such a manner as to cause another person to be in reasonable fear that [she] . . . is likely to be harmed."  *See* ECF No. 76-2 at 24 (joint proposed jury instructions).  In other words, each of these three charged crimes may be proven in part by evidence suggesting that a reasonable person would have feared harm from Defendant's actions.

Critically, this "reasonable person" is not an abstraction but someone "standing in the official's shoes," *Walker*, 835 F.2d at 987, and "who observes what the official observes," *United States v. Acosta-Sierra*, 690 F.3d 1111, 1121 (9th Cir. 2012).  In this analysis, the officer's "subjective state of mind is not irrelevant" but is probative of whether the defendant's actions would have caused a reasonable person to fear harm.  *See Walker*, 835 F.2d at 987 (citing *United States v. O'Connell*, 703 F.2d 645, 650 (1st Cir. 1983)).  Similarly, the officer's subjective knowledge in the moment

is relevant—whether that knowledge is of the defendant's alleged actions specifically or of the wider context in which the defendant's alleged actions occurred.  *See, e.g.*, *United States v. Fallen*, 256 F.3d 1082, 1086–87 (11th Cir. 2001) (accounting for what "the agents knew" about the defendant's criminal history and actions when assessing the sufficiency of the evidence on the "force" element of an 18 U.S.C. § 111(a)(1) conviction); *United States v. Smith*, 973 F.2d 603, 604–05 (8th Cir. 1992) (finding that evidence of "violent crime in the area" where the defendant robbed a bank was relevant to the inquiry under 18 U.S.C. § 2113(a), which is governed by a similar reasonable-person standard).

Government Exhibits 509 and 525 illuminate what Officer Goodman and Inspector Loyd experienced just before they encountered Defendant in the Capitol in January 6, and thus their state of mind and knowledge when they *did* encounter him.  However put, this evidence informs whether a reasonable person in their shoes would have feared harm from Defendant's alleged actions that day.  As a result, these videos are relevant evidence under Rule 401.

Of course, under Rule 403, the Court may exclude relevant evidence such as this "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . or needlessly presenting cumulative evidence."  Defendant argues that both dangers are present here and that they require excluding this evidence.  Not so.

"The term 'unfair prejudice' . . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Defendant asserts that this danger is present here because he is not depicted in these videos, yet upon viewing them the jury might be inclined to impute the violence they see in these videos to him.  Presuming he is right about this latter point, any risk of such unfair prejudice can be mitigated through a limiting

instruction.  *See, e.g.*, *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015).  Balancing the relevance of these videos against their (mitigated) potential of unfair prejudice, the Court finds that their probative value is not substantially outweighed by such danger.

A "severe test" governs whether evidence should be excluded on needless-cumulativeness grounds—in essence, the evidence must add "very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be out-weighed by its contribution to the length of the trial."  *See United States v. Brown*, 597 F.3d 399, 406–07 (D.C. Cir. 2010) (internal quotation marks omitted).  These videos do not violate this test. To begin, the Court cannot say that they are cumulative of other videos depicting the events on January 6 that the Government intends to introduce; no party has suggested that those videos depict what happened to Officer Goodman and Inspector Loyd in the same way.  And even assuming these videos are cumulative of other (perhaps testimonial) evidence about what Officer Goodman and Inspector Loyd experienced, they add no more than a few minutes to the trial.

For these reasons, it is hereby **ORDERED** that the Government's Motion in Limine to Admit Exhibits 509 and 525, ECF No. 81, is **GRANTED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 18, 2022