UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 21-6 (TJK) |
| DOUGLAS AUSTIN JENSEN, | |
| *Defendant*. | |

### MEMORANDUM ORDER

The Government moves in limine for an order deeming admissible Government Exhibit 383. *See* ECF No. 87. This exhibit is a text exchange between Defendant and a third party from about ten days before January 6, 2021, in which Defendant discusses his plans to travel with others to the District of Columbia on January 6 while "locked and loaded" with firearms. *See* ECF No. 91-1. Defendant opposes the admission of this exhibit under Federal Rules of Evidence 401 and 403. *See* ECF No. 88. After conferring about this, the parties jointly propose a redacted version of the exhibit along with a limiting instruction to be given if the Court determines that the exhibit is admissible. *See* ECF No. 91. This exchange is relevant under Rule 401, and the balancing required by Rule 403 favors its admission. Thus, the Court will grant the Government's motion in limine and, presuming the Government lays a proper foundation for it, the Court will admit this exhibit as redacted and subject to the proposed limiting instruction.

Under Rule 401, evidence is "relevant" if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." This exhibit tends to make at least one consequential—indeed, central—fact

more probable than it would be without the evidence; namely, what Defendant intended by his actions on January 6.

In the operative indictment, most of the crimes with which Defendant is charged in relation to his alleged actions on January 6 contain an intent element.[1] Thus, Defendant's intent on January 6 is central to the Government's case. And "the circumstances surrounding [Defendant's] actions" are critical evidence of this. *See United States v. Schaffer*, 183 F.3d 833, 843 (D.C. Cir. 1999), *vacated as moot*, 240 F.3d 35 (D.C. Cir. 2001) (en banc). Thus, it is "not only appropriate but also necessary for the jury to look at 'all of the circumstances'" surrounding Defendant's alleged actions to determine his intent on January 6. *See United States v. Haldeman*, 559 F.2d 31, 115–16 (D.C. Cir. 1976) (en banc). This includes Defendant's statements made a little more than a week before January 6 about his plans for that day. *See United States v. Torres*, 894 F.3d 305, 311 (D.C. Cir. 2018); *United States v. Terry*, 422 F.2d 704, 707 n.4 (D.C. Cir. 1970). Exhibit 383 is such evidence. Thus, it is relevant under Rule 401.

---

[1] In Count One, Defendant is charged with interfering with a law enforcement officer during a civil disorder under 18 U.S.C. § 231(a)(3), which requires proof that Defendant intended that interference. *See* ECF No. 50 at 1–2; ECF No. 76-2 at 5; *see also United States v. McHugh*, 583 F. Supp. 3d ----, 2022 WL 296304, at *14–15 (D.D.C. Feb. 1, 2022). In Count Two, Defendant is charged with obstructing an official proceeding under 18 U.S.C. § 1512(c)(2), and to prove this crime the Government must show, among other things, that Defendant intended to do so. *See* ECF No. 50 at 2; ECF No. 76-2 at 9; *see also United States v. Nordean*, 579 F. Supp. 3d 28, 49 (D.D.C. 2021). In Count Three, Defendant is charged with assaulting a law enforcement officer under 18 U.S.C. 111(a)(1) with "the intent to commit another felony." *See* ECF No. 50 at 2. In Count Five, he is charged with disorderly and disruptive conduct inside the Capitol "with intent to impede and disrupt" government business under 18 U.S.C. § 1752(a)(2). *See* ECF No. 50 at 3. In Count Six, Defendant is charged with disorderly and disruptive conduct inside the Capitol "with intent to impede, disrupt, and disturb" congressional proceedings under 40 U.S.C. § 5104(e)(2)(D). *See* ECF No. 50 at 3–4. And in Count Seven, Defendant is charged with "willfully" parading, demonstrating or picketing in the Capitol under 40 U.S.C. § 5104(e)(2)(G). *See* ECF No. 50 at 4.

Of course, under Rule 403, the Court may exclude relevant evidence such as this "if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or "misleading the jury." Defendant argues that both dangers are present here because Defendant is not alleged to have brought firearms to Washington, D.C., on January 6, but the jury might be misled by this evidence to convict him on the erroneous basis that he was armed that day. Thus, he argues that this exhibit must be excluded under Rule 403. The Court disagrees.

Assuming this evidence potentially poses such dangers, a limiting instruction like that proposed by the parties that clarifies the limited purpose for which this exhibit may be considered can mitigate those dangers. *See, e.g.*, *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015). Further, along with the limiting instruction, the Government has proffered a redacted version of the exhibit that removes certain content about which the Court had expressed some concern. With such potential dangers mitigated by the limiting instruction and the redaction, the Court finds that the probative value of this exhibit is not substantially outweighed by the dangers of unfair prejudice or misleading the jury. Thus, the Court strikes the Rule 403 balancing "in favor of admission." *See United States v. McDowell*, 762 F.2d 1072, 1076 (D.C. Cir. 1985).

For these reasons, it is hereby **ORDERED** that the Government's Motion in Limine to Admit Exhibit 383, ECF No. 87, is **GRANTED**.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: September 21, 2022